Henry Sheldon **WEBB**, Appellant,

v.

**ARRESTING OFFICERS; Omaha Police Department; Emil J. Hiykel; Russell L. Lewis; Thomas A. Zoucha, Dennis Sutton and Kirk Stanzel, as Individuals and in Their Official Capacities, Appellees.**

No. 84–1196.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1984.

Decided Dec. 4, 1984.

---

Gerald Soucie (argued), Rodney J. Rehm, Lincoln, Neb., for appellant.

Thomas O. Mumgaard (argued), James E. Fellows, Omaha, Neb., for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Henry Webb brought this civil rights action against officers of the Omaha Police Department under 42 U.S.C. § 1983, for injuries he sustained while in the officers' custody in May 1980.[1] Following a bench trial the district court[2] entered judgment in favor of the defendants. *Webb v. Arresting Officers*, CV80–L–347 (D.Neb. September 16, 1982). Webb appealed and a panel of this court vacated the judgment and remanded the case for a determination of damages against Officer Stanzel. *Webb v. Hiykel*, 713 F.2d 405 (8th Cir.1983). On remand the district court found that $2,000 would compensate Webb for the injuries proximately resulting from the incident. Webb appeals the sufficiency of the compensatory damage award and the denial of punitive damages. For the reasons stated herein, we affirm the district court's findings regarding the compensatory damage award, and we remand the cause for a determination regarding punitive damages.

**Discussion**

**A. Compensatory Damage Award**

The purpose of a damage award in § 1983 actions is to compensate the person harmed for the injuries sustained because of the deprivation of his constitutional rights. *See Carey v. Piphus*, 435 U.S. 247, 254 & 257, 98 S.Ct. 1042, 1047 & 1049, 55 L.Ed.2d 252 (1978). The district court determined that $2,000 was sufficient compensation in this case. The court's conclusion was based in part upon the fact that the injury sustained was merely an aggravation of a pre-existing condition, and the fact that Webb incurred no expenses for the medical treatment he received.

When we review the adequacy of damage awards the clearly erroneous standard applies. In *Occhino v. United States*, 686 F.2d 1302 (8th Cir.1982), we stated:

It is established that the amount of damages in a nonjury case is within the discretion of the trial court and cannot be overturned unless clearly erroneous. *Taylor v. Pre-Fab Transit Co.*, 616 F.2d 374, 375 (8th Cir.1980); *Zatina v. Greyhound Lines, Inc.*, 442 F.2d 238, 242–43 (8th Cir.1971). Moreover, we continue to adhere to the view that the inadequacy or excessiveness of an award is basically a matter for the trial court. We have intervened only in those rare situations where we are pressed to conclude that there is "plain injustice" or a "monstrous" or "shocking" result. *Hysell v. Iowa Public Service Co.*, 534 F.2d 775, 786 n. 8 (8th Cir.1976), *quoting Solomon Dehydrating Co. v. Guyton*, 294 F.2d 439, 447–48 (8th Cir.), *cert. denied*, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961), *later app. Hysell v. Iowa Public Service Co.*, 559 F.2d 468 (8th Cir.1977).

---

1. A detailed discussion of the events giving rise to Webb's injuries may be found in the original panel opinion in *Webb v. Hiykel*, 713 F.2d 405, 406–07 (8th Cir.1983).

2. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

*Id.* at 1305. Under our standards the award in this case cannot be said to require modification. The district court's determination that $2,000 was reasonable and adequate compensation was not clearly erroneous, nor was such an award a " 'monstrous' or 'shocking' result." *Id.* Accordingly, the award of $2,000 in compensatory damages is affirmed.

### B. Punitive Damages

 Webb's second amended complaint sought punitive damages from the defendants. Because the district court initially ruled in favor of the defendants on the issue of liability there was no need to consider the request for punitive damages. This court's previous opinion remanding the cause for a determination of damages against Officer Stanzel required the district court to consider not only Webb's claim for compensatory damages, but also his claim for punitive damages. We cannot infer that by failing to include punitive damages in its award the district court considered but denied this request. Federal Rule of Civil Procedure 52(a) requires a specific finding which is absent in this case. The district court itself acknowledges that no such findings have ever been made in this case:

> In my October 5, 1983, order I found that $2,000 will reasonably compensate the plaintiff for the injuries proximately resulting from the use of excessive force in the cell area incident. *However, I have never made any findings or awards as to Stanzel's liability for punitive damages.*

*Webb v. Distefano,* 575 F.Supp. 639, 641–42 (D.Neb.1983) (emphasis added).

There is no longer any doubt about the propriety of punitive damage awards in § 1983 actions; they are recoverable. *See Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 1629, 75 L.Ed.2d 632 (1983). In *Smith* the Court held that punitive damages are appropriate when "the defendant's conduct is shown to be motivated by *evil motive or intent,* or when it involves *reckless or callous indifference* to the * * * rights of others." *Id.* at 1640 (emphasis added).

*See also Block v. R.H. Macy & Co.,* 712 F.2d 1241, 1246 (8th Cir.1983). On remand the district court must decide in light of the factors enunciated in *Smith,* whether punitive damages would be appropriate in this case.

### Conclusion

The judgment of the district court is affirmed in part, and remanded for further consideration consistent with this opinion. We retain jurisdiction for further consideration after the district court has entered its order on remand.