Rebecca W. WILSON, SSN: 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, Plaintiff,

v.

Margaret M. HECKLER, Secretary Health and Human Services, Defendant.

No. 85-0046-CV-W-3.

United States District Court, W.D. Missouri, W.D.

April 19, 1985.

Larry O. Denny, Kansas City, Mo., for plaintiff.

Frederick O. Griffin, Asst. U.S. Atty., Kansas City, Mo., for defendant.

OPINION AND ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is defendant's motion for consolidation of this case with case number 82-0401-CV-W-8. The case before this Division is an appeal from the final decision of the Secretary after a remand in case number 82-0401-CV-W-8. The Secretary has filed a supplemental transcript in the earlier case and seeks to stop the independent processing of this case. Plaintiff opposes the motion solely on the ground that the complaint is concerned with a new final decision which is not dependent on any previous decision.

It is the position of the Secretary that her suggested procedure of reopening the previous appeal is required by 42 U.S.C. § 405(g) which in pertinent part provides:

> [T]he Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact on his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

The Secretary takes this language to require her, in any remanded case, to file a supplemental transcript and obtain judicial review of her post-remand decision. *See Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 884 (3rd Cir.1984). In effect, the Secretary reads the statute as providing that *every* remand to her agency made by the district court is analogous to a court of appeals' "limited remand" wherein jurisdiction is retained for

appellate action after remand. *See* 16 Wright, Miller Cooper, & Gressman, Federal Practice and Procedure § 3937 (1977). In cases involving that procedure, however, jurisdiction is retained in contemplation of post-remand appellate action on issues arising *before* remand. *See, e.g., Citizens State Bank of Marshfield v. F.D.I.C.*, 718 F.2d 1440 (8th Cir.1983) (remand for agency's clarification of the reasons for its decision—jurisdiction retained to review order after remand proceedings), *Webb v. Arresting Officers*, 749 F.2d 500 (8th Cir.1984) (remand for further findings before application of standard of review). In other words, appellate action on the case is postponed pending resolution of an issue necessary or helpful to the proposed appellate action.

When read in context, and with an historical perspective, the statutory language relied on by the Secretary and quoted above does not appear to apply to remands generally, but rather to a particular type of remand. The language originally appeared in the following sentence:

The court shall, on motion of the Board made before it files its answer, remand the case to the Board for further action by the Board, and may, at any time, on good cause shown, order additional evidence to be taken before the Board, and the Board shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm its findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which its action in modifying or affirming was based.

Social Security Act Amendments of 1939, ch. 666, 53 Stat. 1360 at 1371.

Under that sentence, the agency had the power, before it filed its answer, to require the court to remand the case. Additionally, the court could, in its discretion upon a finding of good cause, send the case back to the agency for further proceedings *before even deciding the issues on appeal.* Congress became concerned about the availability of a remand without a decision:

Some critics have suggested that such absolute discretion gives the Secretary potential authority to remand cases back so that they can be strengthened to sustain court scrutiny. Others have suggested that such a device also may have the tendency to lead to laxity in appeals council review in that it will give the council another look at the case if the claimant decides to go to court.

Similarly, under existing law the Court itself, on its own motion or on motion of the claimant, has discretionary authority "for good cause" to remand the case back to the ALJ. It would appear that, although many of these court remands are justified, some remands are undertaken because the judge disagrees with the outcome of the case even though he would have to sustain it under the "substantial evidence rule."

S.Rep. No. 96–408, 96th Cong., 2nd Sess. 58 (1979), *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1336.

The first part of the sentence, describing when a case may be remanded, was amended in 1980 to its present form to limit the reasons a case may be remanded.[1]

The effect and intent of the second part of the sentence was fairly clear before the

---

1. The *sentence now reads:*
   The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, *but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;* and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. 42 U.S.C. § 405(g). (Emphasis supplied.)

amendment. If the agency called for a remand before it answered, or if the judge needed additional information in order to decide the case, the case would be remanded and the agency would file the results of the remand proceedings with the court for its decision. In the language relied upon by the Secretary, the phrase "after the case is remanded" referred to the earlier part of the sentence giving the Secretary the right to obtain a remand. The phrase "and after hearing additional evidence if so ordered" referred to the earlier part of the sentence giving the judge discretion to "at any time ... order additional evidence to be taken before the Board...."

If there was any question that the grant of power to "order additional evidence" at any time did not refer to post-decision remands, it was removed by the 1980 amendment. Under that amendment, the grant of authority was limited to cases wherein there would be a showing that "there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. 405(g). The House Committee on Ways and Means, through which the amendment passed made it clear that they did not perceive the sentence to apply to cases remanded after the Secretary's decision had been reversed. In discussing the limitation on when a Court may remand the case, the committee reported:

> (O)nly 249 of these [1,257 reversals] were reversed directly by the court while 1,008 were reversed after being remanded to the appeals council. Undoubtedly, many of these court remands are justified because of the insufficiencies of the prior proceedings. However, it appears that some of the remands are made because the judge disagrees with the outcome of the case which he might have to sustain under the "substantial evidence rule."
>
> Your committee's amendment would require that a remand would be authorized only on a showing that there was good cause for failure to incorporate it into the record in a prior proceeding....

> *This language is not to be construed as a limitation of judicial remands currently recognized under the law in cases which the Secretary has failed to provide a full and fair hearing, to make explicit findings, or to have correctly apply [sic] the law and regulations.*

House Report on Ways and Means on Disability Insurance Amendments of 1979, 96th Cong., 1st Sess. 13 (1979) (emphasis supplied). If the Secretary's reading, under which the sentence applies to all remands, were to be adopted it would follow that a court could remand a case only upon a finding that there is new material evidence to be heard.

The Court is aware of judicial views contrary to the approach taken by it. *See, i.e., Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 884 (3rd Cir.1984); *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983). Those cases, however, were concerned with when judgments become final for purposes of the EAJA and did not expressly analyze the arguments here present. The Secretary is free, of course, to continue her practice as she proposes and as outlined by the above cases. The Court's decision today is not that the procedure followed by the Secretary is prohibited by the statute, it is only that such a cumbersome, wasteful procedure is not required.

To this Court it appears that the disputed sentence allowed a court to order additional evidence to be taken in a case *before* making any decision on the merits, and yet retain ultimate control of review as a matter of course without an express retention of jurisdiction. Due to a perceived abuse, the circumstances under which the procedure could be used was narrowed, but the basic procedure remained the same. It provided a mechanism through which a court could reopen the proceedings below *in order to decide the appeal before it.* Many cases are remanded, under basic principles of administrative law, *after* the issues on appeal have been fully decided. If, for example, the reviewing court holds in favor

of the appellant and finds that the Secretary's position is contrary to law in that she failed to consider the claimant's complaints of pain, the appeal has been decided, but the case must generally be remanded to allow the Secretary to make the initial finding of disability *vel non*. If the Secretary then correctly considers the proper elements, but the claimant believes that her findings are again contrary to law, arbitrary, or not supported by substantial evidence, he can, of course, appeal again. The appeal however is a *new* appeal of a *new* final decision by the Secretary. The issues have no necessary connection with the previous appeal.

To hold that the Secretary must file a supplemental transcript in the district court for every case that is remanded, and that the court must *again* rule on the case, subjects the Secretary and the courts to a cumbersome and often useless duty. The remand may result in a decision favorable to the claimant, or the claimant may decide for other reasons not to pursue a second appeal.[2]

The Secretary should not be the party to initiate a second appeal from her own decision. If, after a "post-decision remand" the decision of the Secretary is wholly favorable, the case should be over, unless the district court expressly retained jurisdiction for a particular purpose.[3] If the second administrative decision is unfavorable in whole or in part, the claimant should be notified of his time within which to appeal. If, as a matter of housekeeping, the Secretary or the court prefers to have the second case bear the same file number as the previous appeal (as it is the practice of this Court to do) the notice should contain instructions to that effect.

Although the Court finds that the procedure suggested by the Secretary is not required by 42 U.S.C. § 405(g), the Court's internal operating procedures supply a similar procedure without requiring useless paperwork on the part of the Secretary and the Court. Administrative Directive Number 8 provides:

> If, after a civil ... or admiralty action is filed and assigned to a district judge, and the action is dismissed or a final judgment has been entered and, thereafter, a complaint is filed in the Western Division of the Western District of Missouri which alleges at least one claim for relief which is the same as a claim for relief sought in the earlier filed but previously dismissed or judicially determined action or is based upon the same factual circumstances which the earlier filed but previously dismissed or judicially determined action was based, the later filed action shall be assigned to the district judge to whom the earlier filed but previously dismissed or judicially determined action was assigned.

The claim for benefits involved in this case covers the time period covered in the

---

2. It is this Court's experience that the Secretary, herself, does not follow the section as she would have it read. Under her reading, a supplemental transcript *shall* be filed in any case remanded. When the additional proceedings in a post-decision remand case result in a decision favorable to the claimant, the Secretary sometimes merely *files a request for dismissal*, and sometimes files nothing at all—as this Court suggests today. *See Guthrie v. Schweiker*, 718 F.2d 104, 106 (4th Cir.1983) (Secretary filed nothing with district court following second remand). In cases wherein the decision on remand is partially favorable, and partially unfavorable, it appears to be her practice to notify the claimant that he has 10 days within which to notify her if he desires to appeal. If so, she will prepare a supplemental transcript. If not, then again, either a motion to dismiss or nothing is filed. On its face this procedure appears to attempt to deprive a claimant of his right to appeal within 60 days of her decision—as provided by statute. The Secretary's failure to follow her own reading of the statute except when expedient is an indication of how burdensome and excessive the procedure would be under such a reading.

3. For example, a remanding court may retain jurisdiction to rule on an EAJA claim after it has been determined whether the claimant will be awarded benefits. This would appear to solve the problem raised in *Brown*, 747 F.2d at 883–84. An express retention of the attorney's fee issue may be advisable even where no EAJA claim is involved to avoid jurisdictional questions. But cf. *Wilson v. Gardner*, 282 F.Supp. 287, 289 (S.D.Ohio, 1967) (court has jurisdiction to approve attorney's fees after original judgment and remand.)

1982 case, and deals with the Secretary's determination that plaintiff is not entitled to the benefits. In fact, the complaints in both cases are identical. The procedure used by the Court is primarily a matter of housekeeping and in no way affects plaintiff's substantive rights. No explicit "retention of jurisdiction" is necessary for such a procedure.

When a social security case is remanded to the Secretary after a decision by the Court that the Secretary's decision was not supported by substantial evidence, was arbitrary and capricious or was otherwise contrary to law, the case is administratively closed. Upon filing of new papers in the case, it is reopened. Neither a new file number, nor a new judge is assigned.

It is currently the practice of the Secretary, in remand cases, automatically to file a supplemental record when benefits are denied on remand. Plaintiff then is ordered to brief the issues he wishes to appeal within 30 days. Plaintiff could take the initiative to file a supplemental complaint. Either of these filings will cause the case to be reopened.[4] For purposes of determining the length of time a case has been pending, the new filing date is used. For all practical purposes, it is a new case with an old number.

The use of this method achieves two ends. First, it assures consideration by the same judge who previously decided to remand the case. While the issues on appeal may change, many of the underlying facts usually remain the same in these cases. Consideration by the same judge tends to promote judicial economy.

Second, this system avoids maintaining duplicate files. Although plaintiff claims that, in her case, the previous record is irrelevant, in many if not most cases, the prior record will be relevant. When the Secretary is ordered to take into account an additional factor, she may, but is not required to, begin the proceeding anew. If she does not, her final decision will be based at least in part on the previous record, which must be made part of the record on appeal. Additionally, the prior record could be relevant in determining whether the Secretary complied with the earlier order remanding the case. That record is already on file in the court's records from the appeal before the remand. The method used by the court saves the court the expense of maintaining duplicate files, and saves taxpayers the expense of preparing duplicate or useless transcripts. The plaintiffs are in no way prejudiced. In effect, the method used by the Court serves the same ends as the procedure proposed by the Secretary but avoids useless filings.

A consolidation of cases would not result in the economy of filing sought to be achieved under the Court's internal procedures. Had the intake clerk been able to know the entire situation, no new number would have been assigned. The Court will therefore dismiss the newly filed cause as duplicative, in favor of continuing the proceedings in Division 8. To insure that there will be no possibility of prejudice to plaintiff's position the Clerk will be ordered to refile the complaint in this case in the Division 8 case, as of the date it was filed in this case.

Accordingly, it is hereby ordered:

(1) that the complaint in this case, filed January 14, 1985, (the date of plaintiff's application to proceed in forma pauperis) be filed in Rebecca Wilson v. Margaret M. Heckler, Civil No. 82–0401–CV–W–8, and docketed by the Clerk as of January 14, 1985, nunc pro tunc; and

(2) This case is dismissed as raising claims raised in another proceeding between identical parties before this Court, and as having been assigned a new number as a result of unavoidable error.

---

4. There should be no problem with the time constraints for filing an appeal where the Secretary's procedure is followed since any delay caused by the Secretary would be taken as an implicit extention of time to file under 42 U.S.C. § 405(g).