Renate **HUNZIKER**, Individually, and as a Guardian and best friend of Cornelia and Michael Hunziker, infants, and as Administratrix of the Estate of Paul J. Hunziker, Appellant,

v.

Wayne **SCHEIDEMANTLE**, Individually, et al., Appellees.

No. 74-2236.

United States Court of Appeals, Third Circuit.

Submitted on Motions May 28, 1975.

Decided June 25, 1975.

**830**

Joseph A. Katarincic, Thomas R. Johnson, Barry S. Roberts, Kirkpatrick Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for appellant.

George M. Weis, Weis & Weis, Pittsburgh, Pa., James P. McKenna, Jr., Dickie, McCamey & Chilcote, Donald W. Bebenek, Meyer, Darragh, Buckler, Bebenek & Eck, Gary F. Sharlock, Sharlock & Repcheck & Engel, Pittsburgh, Pa., for appellees.

OPINION OF THE COURT

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

PER CURIAM.

The jury in this wrongful death and survival action rendered a verdict in favor of plaintiff and against two defendants. The court directed a verdict in favor of two other defendants. Judgment was entered, and on the same day plaintiff filed a notice of appeal against all four defendants. Thereafter, the two defendants against whom judgments were entered filed timely motions for a new trial or in the alternative for a judgment notwithstanding the verdict.

The defendant-appellees have filed motions to dismiss the appeal on the ground that the judgments were not appealable because of the timely filing of their motions in the district court. The motions were referred to the panel of judges which was to hear the case on the merits. That panel considered whether the merits of the case should be reached before the district court acted on the pending motions.[1]

We read Hattersley v. Bollt, 512 F.2d 209 (3rd Cir. 1975) as approving a procedure in this situation under which this court should determine whether there is substantial merit to the motions pending in the district court, and, if there is, should remand the case to the district court for a determination of such motions.

While the motions before us are to dismiss rather than to remand, we believe they may be used as the basis for remand, assuming such a motion is needed. Since we think from a reading of the briefs that the issues presented on the motions pending in the district court are sufficiently substantial to warrant

---

1. The district court has not acted on the motions, presumably awaiting action by this court.

their disposition by that court, we will order a remand for that purpose.

The case will therefore be remanded to the district court to enable it promptly to dispose of the pending motions for a new trial or for judgment notwithstanding the verdict.[2]

2. The remand is subject to the conditional retention of jurisdiction in this court. Should the motions be denied, this appeal will then be permitted to go forward in this court, subject to consolidation with any new appeals taken by other parties. If the motions are granted, the within appeal will be dismissed.