Edward BROWN, Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES OF the UNITED STATES.**

No. 84–5076.

United States Court of Appeals, Third Circuit.

Argued July 16, 1984.

Decided Nov. 6, 1984.

As Amended Nov. 23, 1984.

Community Health Law Project, East Orange, N.J., for appellant; David J. Popiel, East Orange, N.J. (Argued), of counsel and on the brief.

·W. Hunt Dumont, U.S. Atty., Newark, N.J., for appellee; Vincent E. Gentile, Asst. U.S. Atty. (Argued), Newark, N.J., on the brief.

Before ADAMS and BECKER, Circuit Judges, and O'NEILL, District Judge.[*]

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This is an appeal from a denial by the district court of a petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (1982).[1] The appeal presents a question of statutory construction complicated by the factual context as well as by the procedural posture of the case. We conclude that the district court did not err in refusing to award attorney's fees since at the time the petition was filed the plaintiff was not yet a "prevailing party" as required by the EAJA.

### I

The plaintiff, Edward Brown, applied for Supplemental Security Income benefits in 1981. In a decision affirmed by the Appeals Council, the Administrative Law Judge (ALJ) found that Brown was not disabled and therefore not eligible for SSI benefits. The plaintiff challenged this administrative determination in the district court pursuant to 42 U.S.C. § 405(g) (1982), insisting that the decision was not based on substantial evidence. *See Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981). The district court agreed, vacated the final decision of the Secretary, and remanded the matter to the Social Security Office of Hearings and Appeals for a new hearing and the taking of further evidence. App. at 16.

Shortly thereafter, Brown petitioned the district court for an award of $2,013.75 in

---

[*] Hon. Thomas N. O'Neill, Jr., United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. The EAJA expired by its own terms on October 1, 1984, Pub.L. No. 96–481, § 204(c), after the appeal in this case was argued, but before this opinion was filed. The repealing provision provides, however, that the EAJA "shall continue to apply through final disposition of any action commenced before the date of repeal." Thus this case is governed by the now repealed statute.

attorney's fees under the EAJA. Brown alleged that the favorable remand decision made him a "prevailing party" under the terms of the Act and that the government's position was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(B) (1982). Specifically, the plaintiff challenged as not substantially justified the government's use of the Medical-Vocational Guidelines (Grids), the ALJ's taking administrative notice by the ALJ of a matter that is not common knowledge, the government's failure to develop fully the record as required by *Livingston v. Califano*, 614 F.2d 342 (3d Cir. 1980), and the ALJ's reliance upon a lay observation that Brown had not appeared to be in obvious discomfort at the administrative hearing—the "sit and squirm" test.

Brown's request for fees was denied by the district court because it determined that Brown was not a "prevailing party" within the meaning of the EAJA. Although the plaintiff's claim for benefits had been remanded to the Secretary for reconsideration, his entitlement to benefits had yet to be established. The district court therefore denied Brown's fee request without prejudice "with leave to reapply at such time when plaintiff may be deemed to have prevailed in his claim for benefits." App. at 20.[2]

## II

### A.

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and expenses, in addition to costs, "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (1982).

In enacting the EAJA, Congress sought to remove the financial barrier faced by individuals litigating valid claims against the government. The award of attorney's fees to prevailing parties was intended to overcome the harsh reality that in many cases it was "more practical to endure an injustice than to contest it." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, *reprinted in* 1980 U.S.Code Cong. & Ad. News, 4953, 4984, 4988. The legislation rested "on the premise that a party who chooses to litigate an issue against the Government is not only representing his or her own vested interest," *id.* at 10, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4988, but is also "serving a public purpose." *Id., reprinted in* 1980 U.S.Code Cong. & Ad.News at 4989. The EAJA was also designed to encourage government agencies to act in an equitable manner towards citizens and not be unreasonable in creating the necessity for, and in conducting, litigation. The Act thus "helps assure that administrative decisions reflect informed deliberation." *Id.* at 12, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4991.

On its face the Act applies only to proceedings in "court" and therefore proceedings in an administrative agency are excluded from its coverage. The statute is applicable, however, to judicial review actions brought pursuant to the Social Security Act, 42 U.S.C. § 405(g) (1982). *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir.1983); *McGill v. Secretary of Health & Human Services*, 712 F.2d 28, 30 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *see also* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4991.

The EAJA sets forth two critical prerequisites to any award of attorney's

---

2. After oral argument, plaintiff's counsel informed the Court that the plaintiff had withdrawn his request for a new hearing before the ALJ. This does not render the case moot: Brown states that the withdrawal was forced upon him by the ALJ's improper assertion of authority over matters previously decided, but Brown is challenging that assertion of authority in the agency's Appeals Council, and may yet be awarded the benefits at issue here.

fees. First, the court must determine that the claimant was a "prevailing party." Second, after the claimant has "prevailed," the court must then make the further finding that the position of the government was not "substantially justified" and that no "special circumstances" make an award of fees unjust. In the present case the district court denied fees to the plaintiff on the basis of the first factor, and did not reach the second inquiry.

### B.

This Court has not yet directly addressed the narrow question whether a Social Security claimant who obtains a remand in the district court for a further administrative hearing is a "prevailing party" entitled to fees. Partly because the EAJA does not define that central phrase, courts have split on whether an award of fees upon remand is authorized by the statute. *Compare McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 32 (2d Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984) (no award of fees); *Miller v. Schweiker*, 560 F.Supp. 838, 840 (M.D.Ala.1983) (no award); *Roman v. Schweiker*, 559 F.Supp. 304, 305 (E.D.N.Y. 1983) (no award); *with Knox v. Schweiker*, 567 F.Supp. 959, 964 (D.Del.1983) (fees awarded); *Ceglia v. Schweiker*, 566 F.Supp. 118, 121 (E.D.N.Y.1983) (fees awarded); *Gross v. Schweiker*, 563 F.Supp. 260, 262 (N.D.Ind.1983) (fees awarded); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982) (fees awarded); *cf. McDonald v. Schweiker*, 553 F.Supp. 536 (E.D.N.Y.1982) (award under particular circumstances).

Those courts that have awarded attorney's fees when a claimant achieves a remand have relied heavily on the general maxim of statutory interpretation that in applying a statute it is appropriate for the court to consider the purpose of its enactment and the problem to be eradicated, and to recognize a construction that would best effectuate those goals. *See, e.g., Gartner v. Soloner*, 384 F.2d 348, 355 (3d Cir.1967), *cert. denied*, 390 U.S. 1040, 88 S.Ct. 1633, 20 L.Ed.2d 302 (1968). For example, in *Ocasio*, 540 F.Supp. at 1323, the district court emphasized that the "Agency's error forced the plaintiff and her attorneys into this court, and their persistance resulted in correction of the error. Denial of fees to her attorneys for their services is inconsistent with the purposes of the Social Security Act and the EAJA." *See also Ceglia*, 566 F.Supp. at 122. Similarly, in *Gross*, 563 F.Supp. at 262, the court reasoned that to "deny attorney fees to plaintiffs who cannot obtain the award of benefits sought under the Social Security Act from the court because of the administrative agency's failure to fulfill its duties imposed by law is certainly inconsistent" with the purposes of the EAJA to encourage reasonableness by government agencies.

Brown, endorsing the rationale of those courts, argues that a finding that he was indeed a prevailing party will best effectuate the purposes of the EAJA. Given the serious errors allegedly made by the ALJ during the course of the first proceeding, the plaintiff asserts that an award of fees is necessary to "warn the Social Security Administration that defense of improper standards can be costly."

We recently expressed concern over the very same considerations that the courts awarding fees have relied on. In *Wier v. Heckler*, 734 F.2d 955, 957 (3d Cir.1984), the Court alluded to the recent increase of Social Security disability cases and decried the consequent burden imposed on already taxed federal judicial resources.[3] More

---

**3.** The following figures, culled from the Annual Reports of the Director of the Administrative Office of the United States Courts, illustrate the magnitude of the increase. In fiscal year 1980, there were 9043 Social Security review cases filed in the district courts; in fiscal year 1981, the figure rose modestly to 9780. The next year, however, the number of Social Security filings, the vast majority of which are disability claims, rose 31% to 12,812. For fiscal year 1983, the figure grew a startling 58.6% to 20,315. Preliminary estimates for 1984 suggest the number of filings may have approached 30,000. Social Security cases in fiscal year 1983 comprised 8.4% of the civil caseload of all district courts. The figures for the district courts of the Third Cir-

troublesome to the panel was "the fact that the Secretary so often appears to have wrongfully withheld benefits or to have processed a claim so that it is impossible to tell" whether benefits were denied correctly.[4] *Id.*

Nevertheless, the difficulty with Brown's emphasis on the invalidity of the Secretary's actions is that it subsumes two distinct issues under one general heading. In construing a statute, a court is obliged to give effect to each of the words that Congress used. *United States v. DiSantillo,* 615 F.2d 128, 133 (3d Cir.1980). Our reading of the EAJA makes clear that in order to recover attorney's fees, a party must meet both the "prevailing party" and "substantially justified" portions of the statutorily mandated test. Brown's argument concerning the Secretary's position is most properly viewed under the latter prong. We resist the temptation to allow the potential weightiness of a party's position on the second factor to undermine the threshold question. *But cf. Gross v. Schweiker,* 563 F.Supp. at 262; *Vega v. Schweiker,* 558 F.Supp. 52 (S.D.N.Y.1983).

In construing the statute we are aided by its legislative history which demonstrates an intent on the part of Congress that the term "prevailing party" be interpreted consistently with the law as developed under similarly worded fee-shifting laws. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4990.

The district court in the matter at hand adopted the reasoning of *McGill,* 712 F.2d 28, in which the Second Circuit denied fees to a Social Security claimant who had secured in the district court a remand to the Secretary. The Second Circuit observed that the ultimate relief a Social Security claimant desires is not simply a vindication of a procedural right to a new hearing, but a final determination that he or she is entitled to benefits. The court recognized that a favorable ruling on a petitioner's procedural claim, that is, the granting of a new hearing, may ultimately further a positive outcome on the merits of a petitioner's efforts to receive benefits; nevertheless, the court held that a victory on such a procedural claim does not establish the plaintiff as a prevailing party for the purpose of shifting attorney's fees. Other courts declining to award fees upon a remand have similarly concluded that until a plaintiff receives benefits he or she is not a prevailing party. *E.g., Trujillo v. Heckler,* 582 F.Supp. 701, 708 (D.Colo.1984) (plaintiff is a prevailing party "not only because he was successful in seeking a remand, but also because after remand his benefits were restored"); *Miller v. Schweiker,* 560 F.Supp. at 840.

Brown diagnoses the decisions denying fees as suffering from an incorrect focus. While a Social Security claimant obviously

---

cuit reflect the same phenomenon, with the number of Social Security filings increasing by over 150% from 1982 to the present.

The courts of appeals are not immune from the effects of these substantial increases. The number of Social Security appeals rose by 21.3% from 1981 to 1982, and by another 27.3% in 1983.

**4.** Statistics from the Department of Health and Human Services demonstrate that in the disability context, where the largest group of Social Security cases may be found, the district courts in fiscal year 1983 reversed outright the determination of the Secretary over 16% of the time, and remanded to the Secretary for reconsideration another 50% of the cases. *See* Department Health & Human Services' "Summary of Civil Litigation" (1984), *cited in Tustin v. Heckler,* 591 F.Supp. 1049 (D.N.J.1984), *appeal docketed,* No. 84–5507 (3d Cir. argued Sept. 10, 1984). In the Eastern District of Pennsylvania, over the past 2½ years the Secretary has prevailed at the district court level only 31% of the time. *Wier v. Heckler,* 734 F.2d at 957. Of the cases that survive district court scrutiny, the courts of appeals now reverse district court judgments in favor of the Secretary one-quarter of the time. *Id.*

Such figures present a sharp contrast to those of the period 1970–75, for example, during which the Secretary's determination was affirmed in almost 55% of the cases judicially reviewed. *See* J. Mashaw, et al., Social Security Hearings and Appeals 125 (1978).

The figures are particularly surprising in view of the fact that the "Secretary does not even have to show she is 'right' but only that there is 'substantial evidence' to support her position." *Wier,* 734 F.2d at 957.

seeks an award of benefits, in initiating federal court actions he or she may have other goals as well. Obtaining a new hearing, a result which vindicates a claimant's assertion that the Secretary's decision was not supported by substantial evidence, is one such goal. *See, e.g., Ceglia v. Schweiker,* 566 F.Supp. at 122. To support this argument, Brown relies on *Bagby v. Beal,* 606 F.2d 411 (3d Cir.1979), which involved a successful claim for attorney's fees under the Civil Rights Act, 42 U.S.C. § 1988 (1982). Mrs. Bagby had alleged due process violations stemming from her suspension from employment at a state medical institution. The district court ordered the state to conduct a new hearing with appropriate procedural safeguards in order to afford Mrs. Bagby an opportunity to challenge the reasons for her suspension. This Court upheld the award of attorney's fees, holding that since Mrs. Bagby had essentially succeeded on the merits of her due process claims she was a prevailing party under § 1988.

We agree with the Second Circuit that there is an important distinction between the victory achieved by a procedural due process litigant who secures a hearing and the success attained by a Social Security claimant whose case is remanded for further action by the Secretary. The Constitution does not guarantee anyone an absolute right to enjoy a protected interest, such as Mrs. Bagby's employment, but, rather, ensures that one will not be deprived of the interest without due process of law. In the procedural due process context, the relief sought in court is the vindication of the right to be afforded an opportunity to be heard. In contrast, claimants such as Brown allege simply that a denial of an entitlement to benefits was not based on substantial evidence. Although such a claimant may request, in the alternative,

relief other than his or her ultimate goal (the receipt of benefits), it is the receipt of those benefits that renders a typical Social Security plaintiff a prevailing party. This is not to say that in any case arising under the Social Security Act, and in which entitlement to benefits is one issue, a plaintiff must receive benefits in order to be deemed prevailing.[5] A plaintiff need not succeed on every issue raised, but fees may be awarded "only to a party who has established his entitlement to some relief on the merits of his claims." *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam) (§ 1988). Rulings granting new administrative hearings to the usual Social Security claimants "may affect the disposition on the merits, but are themselves not matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party." *Id.* at 759, 100 S.Ct. 1990; *cf. Swietlowich v. Buck County,* 620 F.2d 33, 34 (3d Cir.1980) (grant of new trial "no assurance that the plaintiff would ever receive the relief requested"). When a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorney's fees at that particular time since the claimant's rights and liabilities and those of the government have not yet been determined. *See* Note, *The Equal Access to Justice Act in the Federal Courts,* 84 Colum.L.Rev. 1089, 1100 (1984). Consequently, the district court correctly refused to award fees to Brown at this time.

### III

Finally, the plaintiff asserts that reliance on the actual award of benefits as the essential event making him a prevailing party raises the possibility that a party

---

5. The Second Circuit in *McGill* distinguished *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D. N.Y.1982), in which the district court awarded attorney's fees to a plaintiff who had achieved only a remand. The significant issue in *MacDonald* was the validity of the plaintiff's notice of administrative appeal, and as a result of the remand order the Secretary clarified the meth-

ods that claimants may employ to appeal a denial of benefits. The district court awarded fees because the plaintiff had "prevailed on an issue important not only to her case but to those of many other social security claimants." *Id.* at 540. The Second Circuit labelled this "a narrow ruling on an exceptional set of circumstances." 712 F.2d at 32.

may prevail on remand on every issue presented to the district court and Social Security Administration, and secure benefits, but be unable to recover attorney's fees. This is so, maintains the applicant, because of the seeming tension between our definition of "prevailing party" in this case as hinging on the award of benefits and the term "final judgment" as used in the EAJA. The Act requires that a successful litigant apply for a fee award within thirty days of the final judgment of the district court. 28 U.S.C. § 2412(d)(1)(B) (1982). If the remand order is deemed the final judgment of the district court, it is virtually impossible that the Secretary's new decision on remand will be filed within the EAJA's prescribed thirty-day time limit. Thus a prevailing claimant may well be foreclosed from claiming the attorney's fees that he or she deserves. If the remand order is not considered a final judgment, *see Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), the difficulty arises that once the claimant is awarded benefits by the Secretary it is "unlikely that the case will return to the court (and thus) it is likely that the plaintiff will not have another opportunity to petition ... for fees." *Ceglia*, 566 F.Supp. at 122 n. 3. The prospect that the decision to remand presented Brown's only real opportunity to secure fees appears to have led the district court to deny the fee petition "without prejudice, with leave to reapply at such time when plaintiff may be deemed to have 'prevailed.'" App. at 20.

The Secretary, in response, indicates that should a claimant receive benefits upon remand, the case must still return to the district court for a final judgment. The Social Security Act declares:

> ... and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

42 U.S.C. § 405(g) (1982). The Secretary states that upon this subsequent filing, the district court may enter judgment affirming, modifying, or reversing the Secretary's decision. The plaintiff, however, vigorously disputes the government's reading of the statute. Brown argues that the return procedure is employed only upon a certain type of remand—one for the taking of new and material evidence which had, for good cause, not been incorporated into the existing record.

■ In this situation we defer to the Secretary's representation to this Court that, pursuant to § 405(g), the Secretary will return to the district court and file a copy of the government's decision upon conclusion of *any* remand proceeding in which a claimant receives benefits. We envisage that in any Social Security review matter, a claimant desirous of obtaining an attorney's fee award will request that, if the district court decides to remand the case to the Secretary, the court retain jurisdiction for the purposes of the fee award. The district court should, at least when there is a request, retain jurisdiction, as was done in Brown's case, and direct the parties to return within a specified time after the final administrative decision.[6] *See Zambrara v. Califano*, 651 F.2d 842, 844 (2d Cir.1981). Upon the new determination by the agency that the claimant is entitled to benefits, the Secretary will return to the district court pursuant to § 405(g), and file an appropriate motion for disposition.

Such a procedure was employed by the Fourth Circuit in *Guthrie v. Schweiker*, 718 F.2d 104, 106 (4th Cir.1983). The court there held that § 405(g) contemplated additional action by both the Secretary and the district court before a civil action is concluded following remand. The Secretary must file new findings of fact and the new decision. The district court may then affirm, modify, or reverse the Secretary's new decision, thereby entering the final

---

**6.** We assume that under this arrangement a district court may mark the case closed for statistical purposes, even though a final judgment has not been rendered.

judgment contemplated by the EAJA.[7] Prevailing claimants will then have an opportunity to petition the court for attorney's fees under the EAJA.

Should the Secretary fail to follow this procedure in the future, we note that remanding courts are vested with full equity powers, and may adjust their relief to reflect such changed circumstances. *See, e.g., Ford Motor Co. v. NLRB*, 305 U.S. 364, 373, 59 S.Ct. 301, 306, 83 L.Ed. 221 (1939) (remanding court "may adjust its relief to the exigencies of the case in accordance with equitable principles ... to secure a just result"). For example, the remanding court may require the Secretary to return after a final determination. *Guthrie*, 718 F.2d at 106; *see, e.g., Zambrara v. Califano*, 651 F.2d 842, 844 (2d Cir.1981) (remanding court may set time limit for action by Secretary); *cf. Northern Metal Co. v. United States*, 350 F.2d 833, 837 (3d Cir.1965) (equitable tolling of statute of limitations is permissible).[8]

### IV

Because Brown is not yet a prevailing party as required by the EAJA, the order of the district court denying an award of fees at this juncture will be affirmed.

---

7. This procedure is in some ways analogous to the "limited or controlled" remand employed by the courts of appeals. *See* 16 Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure* § 3937 (1977). In that context the appellant court remands a matter to the district court for further factfinding or for clarification, but retains jurisdiction over the case. *E.g., United States v. Genser*, 582 F.2d 292, 311 (3d Cir.1978). If the remand proceedings resolve the issues presented on appeal, the appeal is generally dismissed. *Hunziker v. Scheidemantle*, 518 F.2d 829, 831 n. 2 (3d Cir.1975) (per curiam).

8. Holding that Social Security claimants who obtain remands are prevailing parties might avoid resort to the somewhat cumbersome procedures outlined here. Nevertheless, the Court must interpret the terms of the EAJA in a manner faithful to Congress' intent.

After this opinion was drafted, both Houses of Congress reenacted the EAJA with certain amendments. Although the bill has been vetoed by the President, we note that nothing in the language of the bill was inconsistent with the result reached here. In fact, the legislative history to the amendments suggests the correctness of our holding. The Senate Judiciary Report to S.919 states:

Social Security cases have raised other problems of interpretation because many of them are not resolved at the district court level but are remanded with legal directions to the Secretary of Health and Human Services for actual determination of eligibility. Rather than amend the EAJA further, the Committee has chosen to offer a brief comment here.

The agency on remand has no authority to award fees for that part of the proceeding tried by the court, but the court may have declined to make an award because the remand order did not yet make the applicant a "prevailing party" and therefore eligible under the EAJA. In *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), the Court pointed to the provision of 42 U.S.C. 405(g) providing that after the HHS review upon demand the agency must file its findings with the reviewing court. Thus the remand decision is not a "final judgment," nor is the agency decision after remand. Instead, the District Court should enter an order affirming, modifying, or reversing the final HHS decision, and this, if it is an affirmance, will be the final judgment that starts the 30 days running.

Senate Judiciary Committee, Equal Access to Justice Act, S.Rep.No. 586, 98th Cong., 2d Sess. 21 (1984).