Irving BRADLEY, Plaintiff-Appellee,

v.

Margaret M. HECKLER, Secretary of
the Department of Health and
Human Services, Defendant-Appellant.

No. 85–5197.

United States Court of Appeals,
Eleventh Circuit.

April 2, 1986.

Stanley Marcus, U.S. Atty., Michael Minkin, Linda Collins-Hertz, Jon May, Asst. U.S. Attys., Miami, Fla., for defendant-appellant.

Bruce Alexander, Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

The Secretary appeals from an award of a $3,690 attorney fee to plaintiff, a Social Security claimant. The award arose from this scenario.

On July 27, 1983 a grand jury returned an indictment charging Bradley with Social Security fraud by concealing his employment in order to wrongfully obtain disability benefits. The next day, July 28, the Secretary informed Bradley that his disability checks were suspended "because of pending action to be taken by the U.S. Attorney's office in Miami." The Secretary invited Bradley to respond to the notice within 10 days.

On November 9 the indictment was dismissed upon motion of the U.S. Attorney.

---

* Honorable John W. Peck, U.S. Circuit Judge for     the Sixth Circuit, sitting by designation.

Payments were not resumed, and on December 15 Bradley's counsel wrote the local manager of Health and Human Services and requested an immediate resumption of disability benefits and payment of benefits over the period of suspension. No benefits were paid and, some three and one-half months later, March 26, 1984, Bradley sued for declaratory and injunctive relief. He asserted that the indefinite suspension of disability benefits was arbitrary and capricious, caused him irreparable harm, and infringed upon his rights to due process and equal protection. He alleged that both imposition and continuation of the suspension were illegal, that the Secretary refused to reinstate his benefits, and because his benefits had been suspended and not terminated, he had no recourse to administrative procedures. He sought a declaration that the original (and ongoing) suspension was illegal, and an injunction against continuance of the suspension, reinstatement of his benefits, and payment of the suspended benefits.

A hearing was conducted before a U.S. magistrate, who recommended, over the protest of the Secretary, a finding that the court had jurisdiction. She rejected the contention that Bradley had waived any rights by failure to respond to the suspension letter, noting that this call for a response was not provided by statute or regulation and, in any event, would have required Bradley to waive his privilege against self-incrimination with respect to the criminal charges.

The magistrate recommended that although the district court could not require payment of benefits it did have mandamus jurisdiction to review the Secretary's failure to reach a final decision on Bradley's claimed benefits. She recommended that if the Secretary forthwith reached a decision to terminate plaintiff's benefits, which would permit him to seek administrative review, the case would be dismissed as moot. If no decision were forthcoming

from the Secretary, the case would not be mooted, but no preliminary injunction should enter because the only proper form of relief would be a [permanent] injunction requiring the Secretary to reach a decision. The magistrate went on to express her belief that if no decision came forth from the Secretary the plaintiff would be entitled to a final judgment granting an injunction requiring her to reach a decision. The magistrate's recommendations were issued May 22, 1984.

Three days later, on May 25, the United States Attorney advised the court that a decision to terminate plaintiff's disability benefits had been made. This made it possible for Bradley to seek administrative review from the decision of the Secretary. The district court, therefore, dismissed the case without prejudice, and it denied Bradley's request for an award of attorney fee. Subsequently, on reconsideration, the court granted the attorney fee of $3,690. We agree with the district court and affirm.

The Secretary does not contend that the district court lacked jurisdiction. She says that Bradley was not a "prevailing party" as defined by the Equal Access to Justice Act, 28 U.S.C. § 2412(d), because he did not receive substantially the relief he requested and because his lawsuit was not a "significant catalyst" motivating the Secretary to provide the primary relief sought. These arguments have no merit. An integral part of Bradley's complaint was that the Secretary's indefinite suspension of his disability benefits, and her failure to act to remove his status from that limbo, caused him irreparable harm because he could not proceed through prescribed administrative channels unless the Secretary made an initial determination denying his benefits. The magistrate recommended that a permanent injunction issue if the Secretary did not reach a decision. Thereafter the district court was notified that the Secretary had made an initial determination terminating Bradley's benefits.[1] Although Bradley

---

1. The time was short between the magistrate's statement of position and the Secretary's determination, but the Secretary does not contend

that her determination was not a result of the proceedings before the magistrate.

did not obtain reinstatement of his benefits or injunctive relief, he secured an initial determination from the Secretary, which was a major aspect of the relief he requested, i.e., an appealable decision from the Secretary. The Secretary did nothing for three and a half months from December 15, did nothing prior to the hearing before the magistrate, then, after the magistrate announced that she would recommend that an injunction would issue unless the Secretary rendered a decision, a decision was transmitted to the court.

Finally, the Secretary contends that an attorney's fee is not appropriate because Bradley merely obtained a remand and not a final judgment against the United States. This incorrectly characterizes the situation. The district court issued a final order of dismissal without prejudice, and there was no remand to the Secretary for a determination of benefits or for any other purpose. *See Brown v. Secretary*, 747 F.2d 878 (3d Cir.1984), distinguishing a victory achieved by a procedural due process litigant who secured a hearing, thus obtaining the right to be heard, and a claimant whose case is remanded for further action by the Secretary. Bradley sought access to the administrative process, the Secretary finally acted, Bradley secured access, and the case was then dismissed. Alternatively the Secretary argues that a fee is not appropriate because the government's position was substantially justified. This too is without merit. The agency may have had cause to suspend Bradley's benefits because of an indictment alleging fraud, but once the indictment was dismissed it had a duty to render an initial determination so that Bradley could utilize the administrative process and, if necessary, turn to the courts.[2]

AFFIRMED.

**2.** The Secretary argues, in unequivocal factual terms, that Bradley has defrauded the Social Security Administration. That issue is not before us. Presumably this was the subject of the dismissed indictment and may be an issue in administrative proceedings concerning entitlement. Assertion of it to this court, in the manner we have described, is unseemly.