**Linnie M. HARPSTER, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86–1970.**

United States District Court, W.D. Pennsylvania.

Oct. 8, 1991.

David M. Axinn, Blair County Legal Services Corp., Altoona, Pa., for plaintiff.

Amy Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

DIAMOND, District Judge.

We have before us plaintiff's motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, we must deny this motion on the ground that it is untimely.

### Background

Plaintiff filed a complaint on November 14, 1986, seeking judicial review of a decision of the Secretary of Health and Human Services ("Secretary") denying her application for disability benefits. Plaintiff and the Secretary filed cross-motions for summary judgment. In an order dated January 30, 1987, we denied the cross-motions for summary judgment and remanded the case to the Secretary for further consideration consistent with the accompanying memorandum opinion. In our memorandum opinion, we set forth why we were remanding the action. We explained that contrary to the conclusion of the Administrative Law Judge ("ALJ"), there was medical evidence supporting plaintiff's complaint of pain. We also stated that no evidence of record, other than the ALJ's expert opinion, supported a finding that plaintiff's medication was not ordinarily prescribed for disabling pain. In addition, we criticized the ALJ's attack on plaintiff's credibility. We also concluded that the ALJ applied an improper standard in determining disability due to mental impairments, and found that aspects of the ALJ's determination were not supported by substantial evidence.

On May 30, 1991, the Appeals Council issued a decision fully favorable to plaintiff. On June 25, 1991, plaintiff filed with the court an application for attorney's fees under the EAJA.

### Discussion

The EAJA provides in certain instances for an award of attorney's fees, court costs, and other expenses to a party who prevails against the United States in a civil action. 28 U.S.C. § 2412. The prevailing party must submit to the court an

application for fees and other expenses within "thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1). A final judgment is defined as one that is "final and not appealable." When the United States is a party to an action, a judgment is appealable for sixty days after it is issued.

■ The issue in this case is when the thirty-day period for filing an EAJA fee application began to run. On the basis of the Supreme Court's recent decision in *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), we conclude that the filing period began to run sixty days after we issued the remand order. Accordingly, plaintiff's time for filing a fee petition under the EAJA expired on April 30, 1987.

Section 405(g) of Title 42 authorizes review of the Secretary's determination that a claimant is not entitled to disability benefits. In *Melkonyan*, the Supreme Court held that there are only two kinds of possible remands under § 405(g). Under a "sentence six" remand, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier.[1] Sentence four of § 405(g) authorizes the district court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a hearing." The sentence four remand must be accompanied by a final judgment affirming, modifying or reversing the administrative decision.

In *Melkonyan*, the Court held that in sentence six cases, the remand order is not a final judgment. In sentence six cases, the filing period does not begin to run until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period has run. In contrast, in sentence four cases, the Supreme Court held that the filing period begins after the final judgment affirming, modifying, or reversing is entered by the court and the sixty-day appeal period has run.

The remand order in the present case clearly was not pursuant to sentence six. Hence, it could only be a remand pursuant to sentence four. While our order did not explicitly reverse or modify the decision of the ALJ, under *Melkonyan* we are obliged to treat our remand order as a judgment which became final after the sixty-day appeal period had run. Our remand order thus became a final judgment on March 30, 1987. Plaintiff had thirty days thereafter to petition for attorney fees under the EAJA. Because plaintiff's fee petition was not filed within this period, it is untimely.

We realize that had plaintiff filed an EAJA petition within thirty days of March 30, 1987, we would not have been able to award fees at that time. In *Brown v. Secretary of Health and Human Services*, 747 F.2d 878 (3d Cir.1984), the Court of Appeals for the Third Circuit held that a social security claimant who obtains a remand to the administrative agency is not a "prevailing party" entitled to EAJA fees. The court noted that "if the remand order is deemed the final judgment of the district court, it would be virtually impossible for the Secretary's new decision on remand to be filed within the EAJA prescribed time limit." 747 F.2d at 884. The court reasoned that, should the remand order be deemed the final judgment, a prevailing claimant may well be foreclosed from claiming the attorney's fees that he or she deserves. *Id.*

---

1. Sentence six of § 405(g) provides:

     The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

The reasoning of the Court of Appeals has proved correct in the present case. Because our remand order must be deemed the final judgment of this court, plaintiff is indeed foreclosed from claiming fees which she may deserve. In light of the Supreme Court's decision in *Melkonyan,* we see no alternative to this result.[2]

■ Plaintiff argues that the rule announced in *Melkonyan* should not be applied retroactively. She urges us to apply the standard set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), for determining when a decision is to be applied retroactively. While we agree with plaintiff that application of the *Chevron* analysis would result in the nonretroactive application of *Melkonyan,* we conclude that a recent Supreme Court decision precludes the application of the *Chevron* analysis in this case.

■ Under *Chevron,* three factors must be considered:

1. whether the decision announces a new principle of law;

2. the prior history of the rule, including its purpose and effect, and whether retroactive application will further or retard its application;

3. the equities of applying the new rule retroactively.

We agree with plaintiff that under the three-part test set forth in *Chevron,* the rule in *Melkonyan* should not be applied retroactively in this case. *See Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (unpublished disposition), *relying on Myers v. Sullivan,* 916 F.2d 659 (11th Cir.1990). The first factor is satisfied because *Melkonyan* established a new principle of law by overruling clear Third Circuit precedent on which plaintiff most likely did rely. *Melkonyan* overruled the decisions of the Court of Appeals for the Third Circuit in *Taylor*

*v. United States,* 749 F.2d 171 (3d Cir.1984) and *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir. 1984). With respect to the second factor, we conclude that retroactive application of the rule set forth in *Melkonyan* does not further the purpose of the EAJA. Congress clearly intended that the thirty-day deadline not be construed in an over technical manner and that the deadline not be "a trap for the unwary." *See Myers,* 916 F.2d at 678. Finally, because the retroactive application of *Melkonyan* would foreclose plaintiff from seeking fees to which she may be entitled, equitable considerations favor nonretroactive application of the rule of *Melkonyan.*

While we conclude that under *Chevron* the rule announced in *Melkonyan* should not apply to plaintiff, we also conclude that we are foreclosed from applying the *Chevron* analysis. We believe that the Supreme Court's recent decision in *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), precludes application of the traditional *Chevron* factors in this case. In this plurality decision, Justice Souter, joined by Justice Stevens, stated:

> When the court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or *res judicata.*

—— U.S. at ——, 111 S.Ct. at 2448, 115 L.Ed.2d at 493. Justice Souter stated that selective prospectivity appears never to have been endorsed in the civil context. In a concurring opinion, Justice Blackmun, joined by Justices Marshall and Scalia, wrote that, "[w]e fulfill our judicial responsibility by requiring retroactive application of each new rule we announce." —— U.S. at ——, 111 S.Ct. at 2450, 115 L.Ed.2d at 496. Justice Blackmun concluded that

---

**2.** We note that the Court of Appeals for the Eighth Circuit has reached a contrary result, in *Welter v. Sullivan,* to be reported at 941 F.2d 674 (8th Cir.1991). In *Welter,* the court considered district court orders remanding cases to the Secretary under sentence due to legal and factual errors committed by the Secretary. These orders did not dictate that the claimants should receive benefits. The Court of Appeals

concluded that these remand orders were not final judgments, on the ground that "[w]e believe the district court retained jurisdiction of the claimants' cases and planned to enter dispositive sentence four judgments after the Secretary reevaluated the claimants' applications for benefits." The court cites *Melkonyan* but does not attempt to reconcile the Supreme Court's decision with the result it reaches.

prospectivity, whether selective or pure, breached the court's obligation to discharge its constitutional function.

We read *Beam* to hold that it would be error to refuse to apply a rule of federal law retroactively after the case announcing the rule already has done so. The Supreme Court applied the new rule of law announced in *Melkonyan* to the litigants in *Melkonyan*. Accordingly, we conclude that we must apply the rule announced in *Melkonyan* to the present case. We note that the Court of Appeals for the Fourth Circuit does not interpret *Beam* to require retroactive application of *Melkonyan* decision. *See Sargent v. Sullivan*, 941 F.2d 1207. The Fourth Circuit noted in *Sargent* that while *Beam* "places some limits on the utility of the *Chevron* analysis, we do not feel that it alters the outcome in this case." The court does not elaborate on its views of how *Beam* limits *Chevron*. *See also Miller v. Sullivan* 1991 WL 165067 (E.D.Pa. Aug. 23, 1991) (unpublished disposition) (declining in part to apply the rule of *Melkonyan* retrospectively, without discussion of *Beam*).

We agree with the United States District Court for the Western District of Missouri that given the Supreme Court's holding in *Beam*, we are compelled to apply the ruling in *Melkonyan* to the case now before us. *See Fergason v. Sullivan*, 771 F.Supp. 1008 (W.D.Mo.1991). We also must agree with the critique of *Melkonyan* articulated by the learned district court and anticipated by the Court of Appeals for the Third Circuit in *Brown*. The practical effect of the *Melkonyan* decision is that certain claimants will be time-barred due to the administrative labyrinth that they first must transverse before gaining prevailing party status. *Fergason*, 771 F.Supp. at 1013.

An appropriate order will follow.

## ORDER OF COURT

AND NOW, this 8th day of October, 1991, for the reasons stated in the opinion filed this day, IT IS ORDERED that plaintiff's motion for award of attorney's fees under the Equal Access to Justice Act be, and the same hereby is, denied.