**Norene SYKES on Behalf of Michael SYKES, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

Civ. A. No. 89–8453.

United States District Court,
E.D. Pennsylvania.

Nov. 22, 1991.

**30**

Eric J. Fischer, Disability Law Center of Fischer & Walkenhorst, Jenkintown, Pa., for plaintiff.

David H. Ward, Asst. U.S. Atty., Harrisburg, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiff is presently moving the court to allow her to file an application for attorney's fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412. For reasons that follow, plaintiff's motion will be denied without prejudice to renew such request within thirty (30) days of entry of final judgment.

### I. *Factual Background:*

The plaintiff, Norene Sykes, applied for Supplemental Social Security Income

("SSI") benefits on behalf of her minor son, the claimant, in February, 1988. In a decision affirmed by the Appeals Council, the Administrative Law Judge found that the claimant was not eligible for SSI under sections 1602 and 1614(a)(3)(A) of the Social Security Act. The plaintiff challenged this administrative determination in the district court pursuant to 42 U.S.C. § 405(g). While that action was pending, the Supreme Court issued its decision in *Sullivan v. Zebley,* 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990), invalidating the Secretary's regulations governing the adjudication of claims on behalf of minors for supplemental security income. Subsequently, the Secretary requested that the court remand the case to the Secretary for a readjudication of plaintiff's claim consistent with the *Zebley* decision. On April 26, 1990 this court granted defendant's motion to remand pursuant to § 405(g). As of the date of this writing, the Secretary has not yet made a determination regarding plaintiff's benefits.[1]

### II. *E.A.J.A.:*

Under the Equal Access to Justice Act, "a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction in that action, unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). Section 2412(d)(1)(B) requires a party seeking an award of fees and other expenses to submit an application within thirty days of final judgment in the action.

### III. *Melkonyan v. Sullivan:*[2]

Plaintiff brings this motion in light of the Supreme Court's June 10, 1991 decision in

1. The court has been informed by the parties that there is a severe backlog of cases that must be readjudicated or initially adjudicated in light of the *Zebley* decision, and that the agency has, for over a year, been promulgating new regulations in light of that decision.

2. —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

*Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), in which the High Court held that "a district court may remand a final decision of the Secretary only as provided in sentences four and six of § 405(g): in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision," *Id.* 111 S.Ct. at 2158, (a "sentence four" remand), whereby the District Court enters a "final judgment" for EAJA purposes at the time of remand, or in light of new evidence where the claimant has shown good cause for failing to present the evidence earlier ("a sentence six remand") whereby a "final judgment" for EAJA purposes is not rendered until the Secretary has returned to the district court for entry of that court's final judgment. *Id.* at 2158.

Plaintiff is asking the court to determine whether the *Melkonyan* decision is to be applied retroactively. Plaintiff contends that if, under *Melkonyan* this court's April 26, 1990 remand to the secretary would be considered a "final judgment", the remand order would have triggered the thirty (30) day EAJA filing period, barring plaintiff's fee application. This, plaintiff suggests, places plaintiff in a "Catch–22" situation, since, before *Melkonyan,* the prevailing rule was that a district court remand did not constitute a final judgment and that a party generally would not recover attorney's fees at the time of remand." *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir.1984). Should this court determine that *Melkonyan* is to be applied retroactively, plaintiff further requests that plaintiff be afforded fifteen days to file an EAJA application.

The Supreme Court, in *Melkonyan,* mandated that district court remand orders rendered pursuant to § 405(g) must expressly set out whether the order is being issued pursuant to either sentence four or sentence six of that statute and, "[i]n sentence four [remand] cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered and the appeal period has run, so that the judgment is no longer appealable. *Melkonyan,* 111 S.Ct. at 2165.

The *Melkonyan* Court reasoned that requiring sentence four remands to be accompanied by a final judgment affirming, modifying, or reversing the administrative decision "harmonizes the remand provisions of § 405(g) with the EAJA requirement that a 'final judgment' be entered in the civil action in order to trigger the EAJA filing period." *Melkonyan,* 111 S.Ct. at 2165. Thus, the Court embraced the prevailing view that a final judgment for EAJA purposes encompasses a final judgment based on the merits of the claim, i.e. "that it rule in some way as to the correctness of the administrative decision." *Id.,* at 2163.

Because this court's remand order was entered prior to the *Melkonyan* decision, this court did not expressly state whether it was ordering a "sentence four" remand or a "sentence six" remand. Indeed, the court was not, at the time, required to do so. It is clear, however, that this court's remand to the Secretary was not a final judgment. The Secretary has not yet made a determination as to whether the plaintiff is entitled to SSI benefits. Because the Secretary's original decision regarding plaintiff's entitlement was rendered pursuant to regulations which were held to be unconstitutional, the Secretary's decision has, effectively, been nullified. There has therefore been no final judgment rendered from which plaintiffs could appeal. It would appear then that Plaintiff is not, therefore, time-barred from bringing her attorney fee application under the EAJA. Additionally, an examination of the standards for nonretroactive application of judge-made law mandates that *Melkonyan,* at least in this instance, be applied nonretroactively.

IV. *Standard for Nonretroactive Application:*

In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court established a tripartite test for determining whether a new rule of law is to be applied nonretroactively:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past

precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results is applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Chevron Oil Co. v. Huson,* 404 U.S. at 106–107, 92 S.Ct. at 355–56 (citations omitted).

### A. Clear Past Precedent

In applying the first part of the *Chevron* test, the court must determine whether the *Melkonyan* decision overrules past precedent on which the parties may have relied. At the time that this case was remanded, it was well established that "[w]hen a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorney's fees at that particular time since the claimant's rights and liabilities have not yet been determined." *Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 883 (3d Cir.1984); *see, e.g., Milliron v. Bowen,* 708 F.Supp. 677 (W.D.Pa.1989). "Thus, the judgment of a court merely remanding a case back to an agency cannot be the final judgment in the action that implicates the thirty day rule ..., for at the time of this judgment the potential petitioner is not yet a prevailing party." *Miller v. United States,* 753 F.2d 270, 274 n. 1 (3d Cir.1985) (following *Brown* ). Moreover, in *Dennis v. Heckler,* 756 F.2d 971 (3d Cir.1985) the Third Circuit suggests that a final agency decision awarding benefits to the plaintiff can serve as a final judgment for EAJA filing purposes even if the Secretary has not returned to the court, because there has been "a determination of [plaintiff's] 'rights and liabilities and those of the government.'"

*Id.,* 756 F.2d at 972 n. 1 quoting *Miller,* 753 F.2d at 270. Where, as here, the administrative agency has yet to make a final determination regarding the award of plaintiff's benefits, it is clear that under *Brown* and *Heckler* there has been no such determination of plaintiff's rights and liabilities nor of those of the government.

At the time of this court's April, 1990 remand, it was clear that a plaintiff whose cause of action had been remanded and had received no further award of benefits from the agency was not yet a prevailing party and was therefore, not yet entitled to EAJA fees and expenses. Thus, there is clear past precedent upon which plaintiff could have reasonably relied in delaying the filing of her EAJA application.

### B. Furtherance of the New Rule's Operation

The second *Chevron* factor requires this court to look to the purpose of that aspect of the *Melkonyan* decision which deems a sentence four or sentence six remand a final judgment triggering the thirty (30) day filing period to see if retroactive application will further or retard the rule's operation.

The court in *Melkonyan* notes that the Senate Report, in amending the sixth sentence of 405(g) made it clear that it intended to limit the power of District Courts to order remands for "new evidence" in Social Security case, *Melkonyan,* 111 S.Ct. at 2164 *citing* Pub.L. 96–265, § 307, 94 Stat. 458.

The Senate Report accompanying the amendments explained: [U]nder existing law the court itself, on its own motion or on motion of the claimant, has discretionary authority to remand cases back to the ALJ. It would appear that, although many of these court remands are justified, some remands are undertaken because the judge disagrees with the outcome of the case even though he would have to sustain it under the 'substantial evidence rule.' Moreover, the number of reports seems to be increasing.

*Id.*

Thus, it would appear that the *Melkonyan* court was concerned with un-

warranted remands, and abuse of discretion by courts disagreeing with ALJ determinations. That is clearly not the case here. Here, the remand was made, not by mere whim of the court, but by request of the Secretary.

### C. Risk of Substantially Inequitable Results

The Third Circuit has noted that the third *Chevron* factor overlaps with the first factor in that it would be inequitable to give retroactive application to a rule which altered established law upon which plaintiff could have reasonably relied. *See e.g., Gatto v. Meridian Medical Associates, Inc.,* 882 F.2d 840, 844 (3d Cir.1989). "Hence, a conclusion favoring prospective operation under the first factor appears strongly to advise a similar conclusion for the third factor." *Gruber v. Price Waterhouse,* 911 F.2d 960, 968 (3d Cir.1990). This court has already determined that there was clear precedent upon which plaintiff could have reasonably relied in delaying the filing of an EAJA application. In light of that fact, this court further determines that retroactive application of the *Melkonyan* rule would produce substantially inequitable results for this plaintiff. A retroactive application of the rule would now preclude plaintiff from filing an application for attorney's fees for having not timely filed the application after remand, when at the time of remand such an application would clearly have been premature.

### V. *Conclusion:*

In light of the foregoing, plaintiff will have thirty (30) days to file an EAJA after entry of a final judgment on readjudication on her claims before the ALJ pursuant to the regulations newly promulgated under *Zebley.*