Donald J. CHISHOLM, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–257.

United States Court of Veterans Appeals.

Nov. 4, 1992.

As Amended Nov. 19, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Vietnam era veteran Donald J. Chisholm, appeals from a January 29, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for an acquired psychiatric disorder. *Donald J. Chisholm,* BVA 91–02882 (Jan. 29, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate be-

cause the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet. App. 23, 25–26 (1990). Because the Board failed to apply the correct standards for reopening a claim and to provide an adequate statement of its findings and conclusions and the reasons or bases for its assessment of evidence favorable to the appellant, the Court vacates the BVA decision and remands the matter to the Board for readjudication.

The veteran served on active duty from February 3, 1964 to November 30, 1965. R. at 151. He claims that his psychiatric disability, diagnosed as schizophrenia, preexisted his service and was aggravated by that service or, alternatively, that his psychiatric disability was manifested to a degree of 10% or more within one year after his separation from service. A veteran is entitled to service-connected disability compensation for disability due to a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110 (formerly § 310). A preexisting injury or disease will be considered to have been aggravated by service when there is an increase in disability during such service. 38 U.S.C. § 1153 (formerly § 353). A chronic disease will be presumed to have been incurred in or aggravated by service when it becomes manifest to a degree of 10% or more within one year from the date of separation from such service. 38 U.S.C. § 1112(a)(1) (formerly § 312); 38 C.F.R. § 3.307(a)(3) (1991). A psychosis is such a chronic disease. 38 U.S.C. § 1101(3) (formerly § 301); 38 C.F.R. § 3.309(a) (1991). A 10% rating for a psychosis requires "[m]ild impairment of social and industrial adaptability". 38 C.F.R. § 4.132, Diagnostic Code (DC) 9201–9210 (1991).

 The veteran's claim was denied by prior final BVA decisions on February 11, 1986, and March 7, 1988. R. at 234, 272. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. 38 U.S.C. § 7104(b) (formerly § 4004). "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Evidence is "material" when it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin, supra.*

 At the time of the 1988 BVA decision, there was medical evidence of record from the veteran's former treating psychiatrist indicating that prior to service the veteran had suffered from a psychiatric disorder, that the disorder had been aggravated by his service, and that he had suffered from the "prodromal phase" of schizophrenia within one year after his separation from service. R. at 251–52. The examiner stated that the "prodromal phase" was characterized by "functional decline ... social withdrawal, impairment in role functioning, peculiar behavior, and blunted affectivity with disturbances in communication and neglect in personal care." R. at 252. In its 1988 decision, the Board rejected that evidence, saying:

> The fact remains that even if the veteran's schizophrenic condition had existed prior to his entry into service, it was not evident while he was in service nor was he treated for any symptomatology associated with such a condition while in service. Furthermore, the clinical evidence reflecting a full-blown psychosis is not shown until many years after the veteran was separated from service. In other words, a psychosis was not present to a degree of 10 percent within one year of the veteran's separation from service. He may have had a prodromal phase of his current psychosis, but it would be *pure speculation* on the part of the Board to show the presence of schizophrenia to a compensable degree prior to a definitive diagnosis which, in this case, was not rendered until many years after the veteran was separated from service.

R. at 278–79 (emphasis added).

The evidence submitted by the veteran since the 1988 BVA decision consists of an

"Unsatisfactory Efficiency Report" from the veteran's former superior officer, apparently written during the veteran's period of service (R. at 297); a January 1988 lay statement from a person named Calvin Simpson, stating that he had known the veteran prior to, during, and subsequent to the veteran's service (R. at 298–301); the veteran's February 10, 1989, sworn testimony before a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (R. at 333–43); and a March 14, 1990, letter to the veteran from a private psychiatrist, pertaining to scheduling an appointment and refilling a prescription (R. at 385).

On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *See Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991). The Board failed to conduct this two-step analysis in its January 1991 decision. Although the Board referred to the veteran's "reopened claim", there is some ambiguity as to whether it concluded that he had submitted new and material evidence. *Chisholm*, BVA 91–02882, at 6. However, the determination whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin, supra.*

The Court holds that the January 1988 lay statement from Calvin Simpson is new and material evidence; thus, the Secretary was required to reopen the veteran's claim. Mr. Simpson stated that he had known the veteran before, during, and after, the veteran's service and had worked with him before and after his service, and that after his discharge from service the veteran's mental condition had been worse, his work

performance had declined, and that he "would laugh to himself and generally seem disoriented". R. at 298–301. This evidence is "new" because it is not cumulative of evidence previously in the record. It is "probative" because it describes the veteran's symptoms based upon personal observation before and after service and within the one-year presumption period after the veteran's separation from service. *See Espiritu v. Derwinski*, 2 Vet.App. 492, 494 (1992) (lay evidence of a veteran's symptoms, based on observation during the presumption period, is competent evidence which BVA must consider). Thus, the lay statement provides a basis other than "pure speculation on the part of the Board" for determining whether the veteran's schizophrenia had been manifested to a degree of 10% or more within one year after service or had been aggravated by service and, when viewed with all the evidence of record, creates a "reasonable possibility" of changing the outcome of the prior decision. *See Cartright v. Derwinski*, 2 Vet. App. 24, 25 (1991) (lay evidence may be sufficient to support an award of service connection). It is, therefore, new and material evidence.

Accordingly, the Board was required to reopen the claim and readjudicate it on the basis of all the evidence of record, to provide an adequate statement of the reasons or bases for its findings and conclusions on all material issues of fact and law, and to "account for the evidence which it finds to be persuasive or unpersuasive." *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990); *see* 38 U.S.C. § 7104(d)(1) (formerly § 4004). In its January 1990 decision, the Board failed to consider or discuss any of the evidence submitted prior to the March 1988 BVA decision, and failed to provide any explanation for its implicit rejection of several items of lay and medical evidence supporting the veteran's claim for service connection. *See Chisholm*, BVA 91–02882, at 6. It listed as the evidence it had considered only the evidence submitted since the March 1988 BVA decision. *Id.* at 3–4. In determining that the veteran's schizophrenia had not been aggravated by his service, the Board failed to provide reasons for rejecting the lay and medical evidence, in-

cluding the January 1988 Simpson lay statement (R. at 298) and the treating psychiatrist's statement (R. at 251), that the disability had increased in severity during service. In determining that his disability had not been manifested to a 10% degree within one year after separation from service, the Board also failed to discuss specifically, in the context of the schedular requirements for a 10% rating, the lay and medical evidence of his symptomatology during that presumption period, including the Simpson lay statement and the treating physician's statement regarding the presence of a "prodromal phase" in January 1966.

Upon consideration of the record, the appellant's brief, and the Secretary's motion for summary affirmance, the Court denies the Secretary's motion for summary affirmance, vacates the January 29, 1991, BVA decision, and remands the matter for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). "On remand, the appellant will be free to submit additional evidence and argument". *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant. The Court retains jurisdiction for the sole purpose of ruling upon any subsequent applications for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), should the appellant prevail at the administrative level on remand. *See Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 884 (3d Cir.1984).

VACATED AND REMANDED.