737 F.2d 860
 26 Wage & Hour Cas. (BN 1314, 101 Lab.Cas. P 34,552
 OPERATING ENGINEERS LOCAL UNION NO. 3 OF the INTERNATIONAL
UNION OF OPERATING ENGINEERS, AFL-CIO, Plaintiff-Appellant,
v.
George BOHN, Responsible Contracting Officer and Division
Administrator of the United States Department of
Transportation, Federal Highway Administration, Neil
Goldschmidt, United States Secretary of Transportation, C.V.
Anderson, Responsible Contracting Officer and Assistant
Administrator of the Utah Department of Transportation, W.W.
Clyde Company, Defendants-Appellees.
 No. 82-1924.
 United States Court of Appeals,
Tenth Circuit.
 June 21, 1984.
 
 John J. Davis, Jr., Salt Lake City, Utah (P.H. McCarthy, Jr. and Raphael Shannon, San Francisco, Cal., with him on the brief) of McCarthy, Johnson & Miller, San Francisco, Cal. (and Lawrence B. Miller, San Francisco, Cal., with him on the brief), for plaintiff-appellant.
 Lawrence J. Leigh, Asst. U.S. Atty., Salt Lake City, Utah (Brent D. Ward, U.S. Atty., Salt Lake City, Utah, with him on the brief), for federal government defendants-appellees.
 Leland D. Ford, Asst. Atty. Gen., Salt Lake City, Utah (David L. Wilkinson, Utah Atty. Gen., Salt Lake City, Utah, with him on the brief), for Utah state appellee C.V. Anderson.
 Before SETH, Chief Judge, McKAY, Circuit Judge, and MECHEM, District Judge.*
 McKAY, Circuit Judge.
 Plaintiff brought this action seeking injunctive relief and an order requiring defendants, state and federal authorities responsible for administering government construction contracts, to incorporate the appropriate prevailing wage in a solicitation of bids for a highway construction project as required by the Davis-Bacon Act, 40 U.S.C. Sec. 276a et seq. (Supp. V 1981).
 After the lawsuit was filed, defendants agreed to modify the contract to include the correct schedule, and so stated to the court. Record, vol. 3, at 832. The wages were subsequently modified and the contractor who had been awarded the contract in question corrected the payrolls and fully compensated all employees under the correct wage rate. The modification was made without the district court having to rule on the merits of plaintiff's Davis-Bacon Act claim. The court then set a status report hearing, which was held approximately seven months after defendants modified the wage rates. At the hearing, plaintiff requested leave to file, and did file, an amended complaint. The amended complaint sought the injunctive relief originally requested and, for the first time, alleged a civil rights deprivation under 42 U.S.C. Sec. 1983 (Supp. V 1981). The amended complaint also sought attorney's fees under section 1988. 42 U.S.C. Sec. 1988 (Supp. V 1981). Defendants moved for summary judgment, and plaintiff moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d) (Supp. V 1981).
 The district court, 541 F.Supp. 486, granted defendants motion for summary judgment and denied attorney's fees under both section 1988 and the Equal Access to Justice Act. Plaintiff appeals.
 
 
 1
 Plaintiff argues at length on appeal that the defendants violated the Davis-Bacon Act by refusing to modify the prevailing wage rates in the bid package. However, it is unclear what relief plaintiff seeks even if we were to reach the merits of this claim and find that defendants did indeed violate the Davis-Bacon Act. As the trial court found, and plaintiff's counsel admitted, defendants' concession to modify the contract to include the correct wage rate afforded plaintiff all of the substantive relief sought. Record, vol. 3, at 833. Thus, by the time defendants' moved for summary judgment, plaintiff's substantive claims were moot. Id.
 
 
 2
 Plaintiff contends that the district court erred in granting summary judgment on the basis of mootness. Apparently, plaintiff is arguing that the granting of summary judgment defeated its claim for attorney's fees. However, the trial court ruled only that the substantive claims were moot and specifically stated that granting summary judgment did not affect plaintiff's status as a prevailing party for purposes of attorney's fee award statutes. See Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980) (attorney's fee award not conditioned on a full litigation of the issues or on a judicial determination that plaintiff's rights have been violated). Plaintiff cites County of Los Angeles v. Davis, 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979); Gurule v. Wilson, 635 F.2d 782 (10th Cir.1980); and Davis v. Village Park II Realty Co., 578 F.2d 461 (2d Cir.1978), to support the position that the case is not moot because the plaintiff still had an interest in the outcome of the attorney's fee issue. This argument is not persuasive however, since the district court held only the substantive issues moot and then proceeded to carefully consider the merits of the attorney's fee issue.
 
 
 3
 The district court did not abuse its discretion in denying plaintiff's request for attorney's fees under 42 U.S.C. Sec. 1988. See Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 423-24, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). The court denied plaintiff's section 1988 attorney's fee claim because the court found that plaintiff did not meet the two-part catalyst test of Nadeau v. Helgemoe, 581 F.2d 275, 280-81 (1st Cir.1978). Under this test, a plaintiff who brings an action alleging a civil rights violation, but who does not receive a judgment on the merits is still a prevailing party for section 1988 purposes if he makes two showings. First, plaintiff's lawsuit must be causally linked to the securing of the relief obtained. Second, the defendant's conduct in response to the lawsuit must be required by law. Id. at 281.
 
 
 4
 The trial court found that although the plaintiff's lawsuit caused them to receive all of the relief sought, the causation prong of the Nadeau test was not met because the defendants capitulated before the plaintiff ever raised its 1983 claim--i.e., there was no causal connection between the section 1983 claim and the plaintiff receiving the relief sought. The court also found that plaintiff failed to meet the second prong of the Nadeau test. Defendants were not confronted with the section 1983 claim at the time they voluntarily complied with plaintiff's request and had virtually no chance of attacking the validity of the claim on the merits because all of the relief sought by plaintiff had already been conceded. The court went on to discuss the problem of whether plaintiff had any right to bring a section 1983 action for violation of the Davis-Bacon Act, in light of the Supreme Court's refusal to imply a private right to action under the Act. See Universities Research Association v. Coutu, 450 U.S. 754, 772, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1980).
 
 
 5
 We hold that the proper time for determining whether a party is entitled to attorney's fees under section 1988 is when all of the substantive relief sought by the plaintiff has been achieved or when the case has been fully adjudicated on the merits. Here, when the substantive relief was achieved, this case was postured as a Davis-Bacon Act case. No civil rights violation was even alleged. We find no persuasive reason for opening the door to allow a plaintiff who did not initially plead or argue a civil rights violation to subsequently force what would essentially be an adjudication on the merits after the action has become moot. Thus, in light of the trial court's careful analysis, we find no abuse of discretion and affirm the denial of attorney's fees under section 1988.
 
 
 6
 The district court also properly denied plaintiff's request for attorney's fees against the federal defendants under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A).[1] The court found that the plaintiff was a prevailing party for purposes of this section and was therefore entitled to attorney's fees "unless the position of the United States was substantially justified" or "special circumstances" existed. The court held that the term "position" refers to the government's conduct during the lawsuit, and not to the government's pre-litigation position. Based upon this interpretation, the court found that the government's position was substantially justified and, therefore, plaintiff was not entitled to attorney's fees under the EAJA. Further, the court found that there were no special circumstances involved which would give rise to an award of attorney's fees under the EAJA.
 
 
 7
 Plaintiff challenges the district court's interpretation of the term "position." Plaintiff contends that it is the government's conduct giving rise to the lawsuit, not its conduct during litigation, which is dispositive to an analysis of section 2412(d)(1)(A). We settled that argument in United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481 (10th Cir.1984). We there held that the position of the United States, for purposes of the EAJA, means the arguments relied upon by the government in litigation, rather than the governmental behavior that precipitated the suit. Id. at 1487. Upon institution of the lawsuit, defendants modified the wage schedule. The trial court did not err in finding that the government's action exemplified the behavior the EAJA seeks to encourage. Record, vol. 3, at 847. Thus, the government's position was substantially justified. Further, we do not find evidence in the record sufficient to contradict the trial court's determination that the defendants did not act in bad faith.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Edwin L. Mechem, Senior Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 [1]
 In pertinent part the Equal Access to Justice Act states:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 28 U.S.C. Sec. 2412(d)(1)(A) (Supp. V 1981).