**Larry B. JONES, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. 83–C–1628.**

United States District Court, E.D. Wisconsin.

Jan. 22, 1985.

David G. Dreis, Legal Action of Wisconsin, Kenosha, Wis., for plaintiff.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## ORDER

WARREN, District Judge.

On October 22, 1984, the Court ordered that this case be remanded to the Secretary of Health and Human Services pursuant to section 2 of the Social Security Disability Benefits Reform Act of 1984. Such remand was in accordance with the wishes of both parties in this matter. Subsequent to the remand, the plaintiff filed a motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Since the Court finds that the plaintiff is not the prevailing party in this action, within the meaning of 28 U.S.C. § 2412(d)(1)(A), the Court will deny plaintiff's motion.

Section 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award just." Courts have held that these provisions are applicable to judicial review actions brought under the Social Security Act. *See McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 30 (2nd Cir.1983); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982). Courts have also interpreted the term "prevailing party" fairly liberally:

> [T]he phrase "prevailing party" should not be limited to a victor only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case, *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir.1977); if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting System, Inc.,* 121 F.2d 575 (9th Cir.1941); or even if he does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond,* 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

> In cases that are litigated to conclusion, a party may be deemed "prevailing" for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal. A fee award may thus be appropriate where the party has prevailed on an interim order which was central to the case, *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C. 1976), or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit", *Van Hoomissen v. Xerox Corp.,* 503 F.2d 1131, 1133 (9th Cir.1974).

*McGill,* 712 F.2d at 30–31, quoting House Report at 11, *reprinted in* 1980 U.S.Code Cong. and Ad.News 4953 at 4990.

However, the predominant opinion has been that the term "prevailing party" does not apply to a social security claimant whose case has been remanded to the Secretary for further evidence, as is the situation in this case. *McGill,* 712 F.2d at 31; *Roman v. Schweiker,* 559 F.Supp. 304, 305 (E.D.N.Y.1983); *Miller v. Schweiker,* 560 F.Supp. 838, 840 (M.D.Ala.1983); *McDonald v. Schweiker,* 553 F.Supp. 536, 539 (E.D.N.Y.1982). Since a party whose case is remanded has not established that he is entitled to relief, and because there is no guarantee that any form of relief will be forthcoming, it is premature to declare such party the "prevailing party," even under a liberal interpretation of that term. *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980); *Roman,* 559 F.Supp. at 305.

**1534**

Some courts have decided that a plaintiff can be the prevailing party if his case was a "catalyst" in effecting a review of administrative procedures or if the case was remanded to the Secretary for a *de novo* determination of the plaintiff's eligibility for benefits, as the plaintiff requested. *See McDonald,* 553 F.Supp. at 539–540; *Ceglia v. Schweiker,* 566 F.Supp. 118, 121–122 (E.D.N.Y.1983). The present case was one of thousands where remand was necessitated by the Social Security Disability Benefits Reform Act of 1984, and could hardly be called a necessary "catalyst" in effecting the remand. Furthermore, the remand was ordered for the purpose of considering whether there has been medical improvement in the plaintiff's condition. As such, the case has been remanded for the purpose of considering additional evidence, a result which the majority of courts have held does not yield a "prevailing party."

For the foregoing reasons, the Court DENIES plaintiff's motion for attorneys' fees.