**Juanita CRUZ, Plaintiff,**

v.

**Otis BOWEN, Defendant.**

**Civ. No. C85–1037G.**

United States District Court, D. Utah, C.D.

Aug. 19, 1987.

Maureen L. Cleary, Salt Lake City, Utah, for plaintiff.

Deana Ertl-Brackett, Washington, D.C., and Anne M. Stirba, Asst. U.S. Atty., Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION
## AND ORDER

J. THOMAS GREENE, District Judge.

This matter came before the court on July 22, 1987, pursuant to plaintiff's Motion for Entry of Final Judgment and Award of Attorney's Fees. The parties submitted memoranda and presented oral argument, after which the court took the matter under advisement. Being now fully advised, the court sets forth its Memorandum Decision and Order.

### FACTS

On December 1, 1983, Cruz filed her application for Social Security Disability and Supplemental Security Income benefits ("benefits"). Cruz alleged that she was disabled from March 15, 1983, based on her epilepsy and mental retardation. Cruz's application was denied on February 14, 1984, after which her timely request for reconsideration of the denial was denied. An Administrative Law Judge ("ALJ") affirmed the denial of Cruz's benefits on April 22, 1985. Cruz then requested review by the Appeals Council of the Social Security Administration. On July 12, 1985, the Appeals Council refused review, and on September 9, 1985, Cruz filed a complaint in this court seeking judicial review of a final decision of the Secretary under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Pursuant to § 405(g) the Secretary, prior to filing his answer, moved for and the court ordered remand to the Social Security Administration. The basis of the Secretary's motion was that remand of this case for redetermination under new mental impairment regulations was required by § 5(c) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1794 (1984) (codified in scattered sections of 42 U.S.C.) (the "Reform Act"). On remand the Appeals Council found that plaintiff was disabled from March 15, 1983, and was entitled to benefits from that date. Cruz's attorneys now seek entry of final judgment, and an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

### ANALYSIS

The EAJA provides for an award of "fees and other expenses" to a "prevailing

party" in any civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* Thus, under the EAJA three requirements must be met before fees may be awarded: (1) plaintiff must be a prevailing party; (2) the Secretary's position must not be substantially justified; and (3) there must be no special circumstances that make an award unjust.

## THE "PREVAILING PARTY" REQUIREMENT

The threshold requirement to recover attorney's fees is that a plaintiff be a "prevailing party." Once plaintiff has established that she is a prevailing party, the burden shifts to the Secretary to prove that she was substantially justified in asserting her position. *Weakley v. Bowen*, 803 F.2d 575, 577 (10th Cir.1986); *Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 985 (10th Cir.1986); *Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir.1986). In construing the EAJA's threshold requirement, the court is guided by the statute's legislative history. Review of that legislative history demonstrates that Congressional intent was that the term "prevailing party" be interpreted consistently with the law developed under similar fee-shifting statutes and that the standards courts have used to interpret the phrase under such other statutes are applicable under the EAJA. *See* H.R.Rep. No. 1418, 90th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4990 (hereinafter House Report).

### 1. *Success in Court*

In *Hensley v. Eckerhart*, a petition for attorney's fees brought under 42 U.S.C. § 1988, the United States Supreme Court noted that a typical formulation of the "prevailing party" standard is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe*,

581 F.2d 275, 278–79 (1st Cir.1978). Similarly, the Tenth Circuit has noted that a litigant may be considered to be a prevailing party under the EAJA if he "achieve[s] 'some of the benefit the parties sought in bringing the suit.'" *Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 983 (10th Cir.1983). Both cases rely on the seminal case of *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir.1978). In *Nadeau*, the court formulated two tests for determining whether a litigant was a prevailing party. The first, stated above, applies when the party achieves some success in the courtroom. However, parties may also prevail outside the courtroom, without formally obtaining relief.

### 2. *The "Catalyst" Test—Out of Court Success*

The legislative history of the EAJA makes clear that "the phrase 'prevailing party' should not be limited to a victor only after entry of a final judgment following a full trial on the merits." House Report, *supra*, at 11, *reprinted in* 1980 U.S.Code Cong. & Admin.News at 4990. The second *Nadeau* test, called the "catalyst test" applies in situations where a party does not formally obtain relief. It provides that a party is a prevailing party if the suit "was a 'necessary and important factor'" in bringing about the benefit, and if, "as a matter of law the suit was not 'frivolous.'" *Coalition for Basic Human Needs v. King*, 691 F.2d 597, 599 (1st Cir.1982) (quoting *Nadeau*, 581 F.2d at 281). It has typically been applied in cases that result in settlement, *see Wyoming Wildlife Federation v. United States*, 792 F.2d 981 (10th Cir.1986), or that end in consent decrees, *Nadeau*, 581 F.2d at 279. However, it has also been applied in cases where the plaintiff loses on the merits but nevertheless achieves the benefits the litigation sought. *See Coalition for Basic Human Needs v. King*, 691 F.2d 597, 598–99 (1st Cir.1982). The Tenth Circuit has formulated this second *Nadeau* test to require the following: "First, plaintiff's lawsuit must be causally linked to the securing of the relief obtained. Second, the defendant's conduct in response to the lawsuit must be required

by law." *Operating Engineers Local Union No. 3 v. Bohn,* 737 F.2d 860, 863 (10th Cir.1984) (citing *Nadeau,* 581 F.2d at 281).

## PREVAILING PARTY IN SOCIAL SECURITY CASES

In the Tenth Circuit, a litigant who achieves reversal of an administrative decision denying social security disability benefits is clearly a prevailing party under the *Nadeau* tests. *See Fulton v. Heckler,* 784 F.2d 348, 349 (10th Cir.1986). However, the Tenth Circuit has not directly addressed the narrow question of whether a Social Security claimant who obtains benefits as a result of a remand in district court is a prevailing party. Courts considering the subject have almost without exception found that such a litigant is a prevailing party. Some of these courts have found that remand alone is enough to justify entitlement to fees. *See Continental Web Press, Inc. v. N.L.R.B.,* 767 F.2d 321, 323 (7th Cir.1986); *Bohn v. Heckler,* 613 F.Supp. 232, 236 (N.D.Ill.1985); *Sizemore v. Heckler,* 608 F.Supp. 911 (N.D.Ill.1985); *Haney v. Heckler,* 613 F.Supp. 12, 15–17 (N.D.Ill.1984); *Knox v. Schweiker,* 567 F.Supp. 959, 964 (D.Del.1983); *Ceglia v. Schweiker,* 566 F.Supp. 118, 121 (E.D.N.Y. 1983); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982). Others have found that it is the receipt of benefits that renders a Social Security claimant a prevailing party and not remand in and of itself. *See Kemp v. Heckler,* 777 F.2d 414, 414 (8th Cir.1985); *Cook v. Heckler,* 751 F.2d 240, 241 (8th Cir.1984); *Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 883 (3rd Cir.1984); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2nd Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *Childress v. Heckler,* 616 F.Supp. 563 (D.La.1985); *Hutchinson v. Heckler,* 612 F.Supp. 264 (D.Wis.1985); *Steffens v. Heckler,* 602 F.Supp. 754 (N.D.Ill.1985); *Jones v. Heckler,* 600 F.Supp. 1532 (E.D.Ill. 1985). In any case, benefits as a result of a court-ordered remand will ordinarily render a litigant a prevailing party.

The cases finding that receipt of benefits after remand renders a claimant a prevailing party deal with remands the court has ordered as a remedy plaintiff requested under 42 U.S.C. § 405(g). In these cases the court, without finding eligibility for benefits, has ordered remand either for a rehearing because of error in the original hearing process or for the taking of more evidence because of insufficient factfinding.[1] *E.g., Brown,* 797 F.2d at 885; *McGill,* 712 F.2d at 31–32.

## IMPACT OF THE SOCIAL SECURITY REFORM ACT

■ In the case at bar remand was ordered on request of the Secretary pursuant to the mandate of § 5 of the Reform Act and not as relief Cruz requested. Because the remand was based on the mandate of the Reform Act, the court did not make even a preliminary determination of the adequacy of the Secretary's procedure in denying Cruz benefits, or of the substantiality of the evidence in support of the Secretary's findings. Finding good cause for the Secretary's motion, the court remanded without requiring the Secretary to file an answer in this matter and, consequently, the Secretary has not filed a copy of the transcript of the record or evidence upon which the findings and decision complained of are based.[2] In such circum-

---

1. A few cases have dealt with remands for the Secretary to reconsider his decision in light of changes in the law. *E.g., Sherman v. Bowen,* 647 F.Supp. 700, 701 (D.Me.1986); *Sizemore v. Heckler,* 608 F.Supp. 911 (D.C.Ill.1985); *Jones v. Heckler,* 600 F.Supp. 1532, 1533 (E.D.Wis.1985). Most of these cases have found that plaintiffs were not prevailing parties under the first test if the remand was based on motion of the Secretary or "in accordance with the wishes of both parties in [the] matter." *Id.*

2. Under 42 U.S.C. § 405(g) the court may remand to the Secretary either before or after the Secretary files his answer. A remand before the Secretary files his answer may only be ordered upon motion of the Secretary for good cause shown. Section 405(g) provides,

> Any individual, after any final decision of the secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.... As part of his answer the Secretary shall file a certified copy

stances the court cannot say that Cruz is a prevailing party.

Although Cruz was granted benefits as a result of remand, Cruz was not granted benefits as a result of the Secretary's further review of the issues Cruz raised in the litigation. Rather, the benefits resulted from a redetermination of Cruz's eligibility under new regulations, and the redetermination was mandated by § 5 of the Reform Act. Thus even though Cruz received benefits after remand, Cruz cannot be said to have "succeeded on the merits of any significant issue in the litigation." Accordingly, Cruz cannot be considered to be a prevailing party under the first *Nadeau* test. Since Cruz did not succeed on the merits, the court must analyze this case under the second *Nadeau,* or "catalyst" test. This test is essentially one of causation: Was plaintiff's lawsuit "causally linked to securing the relief obtained?" *Operating Engineers Local Union No. 3,* 737 F.2d at 863. In the circumstances of the present case, the court concludes that the connection between Cruz's lawsuit and her recovery of benefits is not sufficiently strong to establish her as a prevailing party. Cruz's denial of benefits would have been redetermined with or without her lawsuit. On October 9, 1984 the Reform Act became law. Section 5(a) of the Act required the Secretary to "revise the criteria embodied under the category 'Mental Disorders' in the 'Listing of Impairments' in ... the Code of Federal Regulations." On February 4, 1985 the Secretary published a Notice of Proposed Rulemaking in the Federal Register on revisions to the criteria and listings of "Mental Disorders." After a substantial comment period the final regulations were published on August 28, 1985 in the Federal Register.

Section 5(b) of the Reform Act placed a moratorium on "continuing eligibility re-

views" until the revised criteria were established. No moratorium was placed on initial determinations of disability. However, § 5(c)(1) provides as follows:

*Any initial determination that an individual is not under a disability by reason of a mental impairment and any determination that an individual is not under a disability by reason of a mental impairment in a reconsideration of or hearing on an initial disability determination, made or held under title II or XVI of the Social Security Act after the date of the enactment of this Act and prior to the date on which revised criteria are established by regulation in accordance with subsection (a),* and any determination that an individual is not under a disability by reason of a mental impairment made under or in accordance with title II or XVI of such Act in a reconsideration of, hearing on, review by the Appeals Counsel of, or judicial review of a decision rendered in any continuing eligibility review to which subsection (b)(1) applies, *shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria.*

(emphasis added). This section, in effect allows the Secretary to continue approving social security claims after enactment of the Act and before publication of the new listings, but renders all disapprovals within the same "window" provisional. The Reform Act insulates from review denials made under the old listings after the date of enactment of the Act, if upon redetermination benefits are granted. Section 5(c)(2) provides,

In the case of a redetermination [required] under [the Act] of a prior action which found that an individual was not under a disability, if such individual is found on redetermination to be under a

---

of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.... The court may, on motion of the secretary made for good

cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

disability, such redetermination shall be applied *as though it had been made at the time of such prior action.* (emphasis added). In this case, both the decision of the ALJ, and the Appeals Council's refusal to review (under the old listings) were issued within the mandatory redetermination window.[3] Whether the Secretary properly applied the old criteria in denying Cruz's claim is irrelevant, because all denials rendered within the window *must* be redetermined. *But see Sherman v. Bowen,* 647 F.Supp. 700, 703 (D.Me. 1986) (finding a social security claimant a prevailing party despite "the fortuitous enactment of [The Reform Act]"). The Secretary's final action was not final in any normal sense of the word. Under the Reform Act the Secretary would have redetermined his denial of benefits under the new mental impairment listings, with or without Cruz's lawsuit.[4] Cruz's lawsuit was not "causally linked to securing the relief obtained." *Operating Engineers Local Union No. 3,* 737 F.2d at 863.

■ The EAJA was intended as "one way to improve citizen access to courts and administrative proceedings," and to remedy the too frequent situation where a party has "to choose between acquiescing to an unreasonable Government order, or prevailing to his financial detriment." House Report, *supra,* at 12, *reprinted in* 1980 U.S. Code Cong. & Admin.News at 4991. But these goals would not be served by an award here. Granting fees when the Government has conceded the litigant's eligibility for redetermination under new criteria, and has provided a procedure for redetermination without resort to the courts, would merely encourage superfluous litigation.[5] Plaintiff's motion for award of attorney's fees is denied, and plaintiff's complaint is dismissed as moot.

This Memorandum Decision and Order will suffice as the court's final action on this motion; no further Order need be prepared by counsel.

---

3. Section 5(c)(3) of the Act provides as follows:
Any individual with a mental impairment who was found to be not disabled pursuant to an initial disability determination or a continuing eligibility review between March 1, 1981, and the date of the enactment of this Act, and who reapplies for benefits under title II or XVI of the Social Security Act, may be determined to be under a disability during the period considered in the most recent prior determination. Any reapplication under this paragraph must be filed within one year after the date of the enactment of this Act, and benefits payable as a result of the preceding sentence shall be paid only on the basis of the reapplication.
Cruz's initial application was made on December 1, 1983, within the described period. Thus, Cruz had another alternative, reapplication, under the Reform Act.

4. Some courts have found claimants in this situation are prevailing parties, but then denied fees because of special circumstances. *See Lurigio*

*v. Bowen,* No. 86–C–864, (N.D.Ill. March 27, 1987) (WESTLAW, DCT database). *Lurigio,* relies on 28 U.S.C. § 2412(d)(1)(C) to deny fees. That section provides that the court may, in its discretion deny an award to the extent that "the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." This court sees no reason to reach § 2412(d)(1)(C), but, to the extent Cruz may be a prevailing party, § 2412(d)(1)(C) forms an alternative basis for the court's holding.

5. This result, of course, would not obtain if plaintiff could show, for instance, that her redetermination had languished, or that the Secretary had otherwise neglected her duty under the Reform Act. But in this case the Complaint was filed on September 9, 1985 scarcely two weeks after the new regulations were published. Cruz gained nothing by filing this appeal, and she more than likely delayed her own redetermination by filing.