**Carol W. FRENCH, Plaintiff,**

v.

**Otis BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 85–1457.**

United States District Court, M.D. Pennsylvania.

Jan. 18, 1989.

---

Lawrence Maggitti, Keystone Legal Services, Huntingdon, Pa., for plaintiff.

Frederick E. Martin, Asst. U.S. Atty., Lewisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Currently before the court in the above-captioned action is an application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). For the reasons that follow, the application will be denied.

## BACKGROUND

On August 7, 1984, plaintiff filed an application for supplemental security income benefits alleging disability based on high blood pressure and a nervous condition. Following a hearing on March 19, 1985, an administrative law judge (ALJ) found that plaintiff still possessed the residual functional capacity to perform work at all levels that did not require extensive contact with the public, close interaction with co-workers, or complicated, stressful activity of a substantial nature. On May 29, 1985, plaintiff filed a request for review with the Appeals Council challenging the ALJ's failure to use vocational testimony. The Council upheld the decision of the ALJ.

Plaintiff filed a complaint in this court on October 3, 1985 seeking judicial review of a final decision of the Secretary under 42 U.S.C. § 405(g). Prior to filing an answer, the Secretary moved for and the court or-

dered a remand to the administrative level. *See* documents 6 and 7 of record. The basis of the Secretary's motion was that remand of the case for redetermination under new mental impairment regulations was required by section 5(c) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (Oct. 9, 1984) (Reform Act), which reads, in pertinent part, as follows:

Any initial determination that an individual is not under a disability by reason of a mental impairment ... made or held under Title II or XVI of the Social Security Act after the date of the enactment of this Act and prior to the date on which revised criteria are established by regulation in accordance with subsection (a) ... shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria.

*Id.*, 98 Stat. at 1801–1802. Pursuant to the Act, the final regulations were published on August 28, 1985 in the Federal Register. The regulations provided that new determinations were to be given to all individuals who had received final decisions by the Secretary after the adoption of the Reform Act.

On remand, by a decision issued on June 13, 1988, the Appeals Council found that, as a result of plaintiff's nonexertional limitations resulting from her mental impairment, there were not a significant number of jobs that plaintiff could perform. The Council thus concluded that plaintiff was under a disability within the meaning of the Act and that she was entitled to receive supplemental security income payments.

*See* document 14 of record, Exhibit C. By stipulation of the parties, the court then dismissed this action with prejudice on September 19, 1988. *See* document 10 of record.

Plaintiff's counsel filed an application for attorney's fees on October 20, 1988. *See* document 11 of record.[1] Defendant submitted an opposition brief on November 3, 1988. *See* document 13 of record. On November 14, 1988, plaintiff's counsel filed a reply brief in support of her application for attorney's fees. *See* document 14 of record. With leave of the court, defendant submitted his responsive brief on December 9, 1988. *See* document 16 of record. No further submissions having been received by the court, this matter is now ripe for disposition.

## DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and expenses "incurred by that party in a civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There are, then, two prerequisites for an award of attorney's fees pursuant to the EAJA. First the court must determine that the claimant is a "prevailing party." If this condition is satisfied, the court must then determine whether the government's position was "substantially justified."

---

**1.** Plaintiff's counsel seeks fees in the amount of $1,912.50 for twenty five and one-half (25.5) hours of work at $75 per hour. All but two (2) of those hours were expended at the administrative level and not before this court. *See* document 11 of record, at p. 2. Citing *Hudson v. Secretary of Health and Human Services*, 839 F.2d 1453 (11th Cir.1988), counsel argues that she is entitled to attorney fees for time spent on administrative hearings conducted pursuant to this court's remand order. *See* document 14 of record, at pp. 14–19. The United States Supreme Court has recently granted certiorari in the *Hudson* case to decide the question of whether Social Security administrative proceed-

ings conducted after a court remand are "adversary adjudications" for which attorney fees are available under the EAJA. *See Bowen v. Hudson*, — U.S. ——, 109 S.Ct. 527, 102 L.Ed.2d 559 (1988). Moreover, Third Circuit precedent clearly demonstrates that plaintiff's counsel would only be entitled to fees under the EAJA for her two (2) hours of court time. *See Miller v. United States*, 753 F.2d 270, 275 n. 3 (3d Cir.1985); *Brown v. Secretary of Health and Human Services*, 747 F.2d 878, 889 (3d Cir. 1984). In any event, the court need not decide this matter based on its conclusion that plaintiff was not a "prevailing party" within the meaning of the EAJA.

In the context of an award of attorney's fees sought after the entry of a final order, a "prevailing party" is one who fairly can be found by the district court to have essentially succeeded on his claims for relief. *Brown v. Secretary of Health and Human Services*, 747 F.2d 878, 883 (3d Cir.1984) (citing *Hanrahan v. Hampton*, 446 U.S. 754, 757–759, 100 S.Ct. 1987, 1989–1990, 64 L.Ed.2d 670 (1980)).[2] This definition focuses not on the substantive merits of the plaintiff's claims, but rather on the relief ultimately received by the plaintiff. *Bagby v. Beal*, 606 F.2d 411, 415 (3d Cir. 1979). The issue is not whether plaintiff obtained the form or extent of relief they originally requested, but whether the "substance of the litigation's outcome ... provided much of the relief [the plaintiff] had initially sought." *N.A.A.C.P. v. Wilmington Medical Center, Inc.*, 689 F.2d 1161, 1169 (3d Cir.1982), *cert. denied*, 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983) (quoting *Ross v. Horn*, 598 F.2d 1312, 1322 (3d Cir.1979), *cert. denied*, 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980)). Thus a plaintiff is a "prevailing party" if he essentially succeeds in obtaining the relief he seeks in his claims on the merits. *Bagby v. Beal*, 606 F.2d at 415.

In addition to gaining some of the benefit sought, one can be a "prevailing party" only if there is a causal relationship between the action and the ultimate relief received. The central inquiry in this causal-connection standard is "whether the plaintiff has obtained the relief sought 'as a result of' [his] judicial efforts, or whether those efforts were a 'material factor' in obtaining the relief." *Sullivan v. Pennsylvania Department of Labor and Industry*, 663 F.2d 443, 449 (3d Cir.1981), *cert. denied*, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982); *see also Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 910, 916–917 (3d

Cir.1985). The critical factor in determining causation is, therefore, whether the relief was implemented as a result of plaintiff's lawsuit. *N.A.A.C.P. v. Wilmington Medical Center, Inc.*, 689 F.2d at 1169. If there is more than one cause, the plaintiff is a prevailing party if the action was a *material factor* in bringing about the relief gained. *Morrison v. Ayoob*, 627 F.2d 669, 671 (3d Cir.1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981). Finally, in determining whether causation is shown, a district court is "bound to apply the most expansive definition [of the word].... " *N.A.A.C.P. v. Wilmington Medical Center, Inc.*, 689 F.2d at 1169.

Defendant alleges that plaintiff was not a "prevailing party" within the meaning of the EAJA. In his opposition brief, defendant argues as follows:

Plaintiff's claim was remanded by this court pursuant to Section 5 of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460 ("Reform Act"). Section 5(c) required that the Secretary re-examine any case receiving a final administrative decision after October 9, 1984, involving a denial of disability benefits based on an alleged mental impairment, under the revised criteria for evaluating mental impairments promulgated pursuant to section 5(A). Based on reconsideration of plaintiff's claim under the revised criteria for evaluating mental impairments, plaintiff was found entitled to benefits. Consequently, this court never reached or even considered the merits of plaintiff's claim prior to remand. In this case remand, and the ultimate determination of disability, was due to the passage of legislation by the Congress and not to a consideration by the court on the merits of plaintiff's claim. Therefore, plaintiff is not a pre-

---

2. The legislative history of the EAJA demonstrates an intent on the part of Congress that the term "prevailing party" be interpreted consistently with the law as developed under similarly worded fee-shifting laws. *See Brown v. Secretary of Health and Human Services*, 747 F.2d 878, 882 (3d Cir.1984) (citing H.R.Rep. No.

1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4953, 4990). Thus, in deciding whether plaintiff was a prevailing party, the court may properly rely on cases involving claims for attorney's fees under the Civil Rights Act, 42 U.S.C. § 1988.

vailing party within the meaning of the EAJA.

*See* document 13 of record, at pp. 2–3. In support of this argument, defendant cites *Mawson v. Bowen,* No. 85–2582 (D.N.J. Oct. 5, 1987), *aff'd mem.,* 845 F.2d 1013 (3d Cir.1988).[3] There, the court concluded that, "since the remand was procedurally required by a change in the applicable law, and not ordered by this court as a result of a substantive determination on the merits, plaintiff cannot be considered a 'prevailing party' within the meaning of the EAJA." *Mawson v. Bowen,* No. 85–2582, slip op. at 6; *see also Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d at 915–916 ("prevailing party" status is not justified based on "gratuitous judicial endorsement of legislative and administrative action"); *Cruz v. Bowen,* 668 F.Supp. 669, 672–674 (D.Utah 1987) ("Granting fees when the Government has conceded the litigant's eligibility for redetermination under new criteria, and has provided a procedure for redetermination under new criteria, and has provided a procedure for redetermination without resort to the courts, would merely encourage superfluous litigation"); *cf. Rosen v. Secretary of Health and Human Services,* No. 83–0708, slip op. at 5–6 (M.D.Pa. Oct. 26, 1987) (Nealon, C.J.) (plaintiff was prevailing party where remand was ordered prior to the enactment of the Reform Act and the court addressed the merits of plaintiff's complaint in ordering the remand).

The court finds the rationale of *Mawson* and *Cruz* to be persuasive. In the instant case, while plaintiff was granted benefits following the remand ordered by this court, the court concludes that the connection between her lawsuit and the recovery of benefits is not sufficiently strong to establish her as a "prevailing party." *See Cruz v. Bowen,* 668 F.Supp. at 672–674. Here, as in *Mawson* and *Cruz,* the matter was remanded to the Secretary prior to the filing

of an answer and, consequently, this court never viewed the transcript of the record or any evidence on which the Secretary's original decision was based. Thus, the court did not make even a preliminary determination regarding the adequacy of the Secretary's position or the potential merit of plaintiff's objections to the Secretary's final decision. Plaintiff would have been entitled to an administrative redetermination even if this action had never been filed. *See* Reform Act, § 5(c)(1), 98 Stat. at 1801–1802, *supra* at p. 2 (any initial determination during the "window period" (*i.e.,* the passage of the Reform Act on October 9, 1984 and the adoption of final regulations on August 28, 1985) *"shall be redetermined by the Secretary as soon as feasible after the date on which such criteria are so established, applying such revised criteria "*) (emphasis added); *see also id.* § 5(c)(2) ("In the case of a redetermination under paragraph (1) of a prior action which found that an individual was not under a disability, if such individual is found on redetermination to be under a disability, *such redetermination shall be applied as though it had been made at the time of such prior action "*) (emphasis added); *Mawson v. Bowen,* slip op. at 6 ("since the remand was procedurally required by a change in the applicable law, and not ordered by this court as a result of a substantive determination on the merits, plaintiff cannot be considered a 'prevailing party' "); *Cruz v. Bowen,* 668 F.Supp. at 673, 674 ("[claimant] Cruz's denial of benefits would have been redetermined with or without her lawsuit"; "Whether the Secretary properly applied the old criteria in denying Cruz's claim is irrelevant, because all denials rendered within the window *must* be redetermined.... The Secretary's final action was not final in any normal sense of the word. Under the Reform Act the Secretary would have redetermined his denial of benefits under the new mental impairment listings, with or without Cruz's lawsuit"). While benefits were granted fol-

---

**3.** The Third Circuit Court of Appeals affirmed the district court's decision in *Mawson* by judgment order. *See* document 13 of record, Exhibit A. By entering a judgment order without opinion, the Court of Appeals indicated that it regarded its decision as having no precedential

value. *See In re Matter of Reading Co.,* 524 F.2d 324, 326 n. 1 (3d Cir.1975); Internal Operating Procedures, United States Court of Appeals for the Third Circuit, ch. 6. Thus, to the extent this court relies on the *Mawson* decision, it is relying on the opinion of the district court.

lowing remand, those benefits resulted from the redetermination under the new regulations that was mandated by section 5 of the Reform Act. Thus, based on *Mawson* and *Cruz*, the court concludes that plaintiff was not a prevailing party for purposes of the EAJA.

Plaintiff's counsel attempts to distinguish *Mawson* with the following argument:

> In *Mawson,* the district court remanded the case according to § 5(c)(1) of the Reform Act and the Secretary subsequently awarded plaintiff the disability benefits she originally sought. It nevertheless denied plaintiff's motion for attorney fees on the grounds that it was a change in the Social Security Act, not her lawsuit, which reinstated her benefits. In the present case, however, Carol French received the benefits she sought based on the lack of vocational expert testimony at her first hearing and not on the New Mental Impairment listing that the Reform Act required the Secretary to apply. *Mawson* therefore is not controlling here since it was Carol French's lawsuit and not the new listings which secured her benefits.

*See* document 14 of record, at pp. 11–12. The court cannot agree. Plaintiff received a new hearing before an ALJ following remand. Vocational testimony was presented at that hearing. *See* document 14 of record, Exhibit C, at p. 2. The Appeals Council's decision of June 13, 1988 did not turn on the presence or absence of vocational testimony at the initial hearing. Instead, the Appeals Council concluded that "the vocational expert's testimony [at

the hearing following the remand] [did] not show that the vocational expert identified jobs the claimant could perform given the [nonexertional limitations resulting from her mental impairment] accepted by the [ALJ]." *Id.* It would be sheer speculation to say that the filing of plaintiff's action in this court resulted in the presence of a vocational expert at the administrative hearing following the remand, especially when it is considered that the court made no substantive determinations regarding plaintiff's original complaint. Thus, counsel's application for attorney's fees pursuant to the EAJA will be denied.[4]

An appropriate Order will enter.

---

**4.** Two other arguments advanced by plaintiff's counsel do not require extensive treatment. First, the court believes that counsel's extensive reliance on *Brown v. Secretary of Health and Human Services, supra,* is misplaced. In *Brown,* a petition for attorney's fee was filed after a court-ordered remand on the merits but before any benefits were received following remand. The Third Circuit Court of Appeals held that "[w]hen a court vacates an administrative decision and remands the matter for reconsideration, the successful party generally should not recover attorney's fees at that particular time since the claimant's rights and liabilities and those of the government have not yet been determined." *Brown,* 747 F.2d at 883. Because

the court in *Brown* was not asked to consider whether a casual relationship existed between the claimant's lawsuit and the receipt of any benefits, the case does not support present counsel's application before this court. Second, counsel argues that plaintiff's receipt of benefits retroactive to the date of her original application for benefits establishes that her lawsuit was a material factor in obtaining the relief sought. *See* document 14 of record, at p. 8. As noted above, however, the Reform Act expressly mandates that retroactive benefits follow a finding of disability on any redetermination required by the Act. *See* Reform Act, § 5(c)(2), 98 Stat. at 1802, *supra* at p. 10.