**Mary J. HUETT, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health & Human Services, Appellee.**

No. 88–2372.

United States Court of Appeals, Eighth Circuit.

Submitted March 2, 1989.

Decided May 3, 1989.

Alan J. Nussbaum, Little Rock, Ark., for appellant.

Karen J. Sharp, Dallas, Tex., for appellee.

Before FAGG, Circuit Judge, and HEANEY and HENLEY, Senior Circuit Judges.

PER CURIAM.

Mary Jane Huett, a recipient of social security disability benefits, appeals the district court's[1] denial of her motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). We affirm.

Huett applied for disability benefits in 1982. Following an evidentiary hearing, an Administrative Law Judge (ALJ) denied benefits. The Appeals Council denied review on March 29, 1983, whereupon Huett filed a complaint for judicial review. The district court remanded the case to the Secretary of Health and Human Services.

On October 9, 1984, while the case was pending readjudication at the administrative level, Congress passed the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794. Section 5(a) of the Act required the Secretary to revise the mental-impairment criteria for disability benefits. Section 5(c)(1) provided that mental-impairment claims denied after enactment of the Act and prior to the establishment of the new criteria be reconsidered by the Secretary under the new criteria as soon as feasible. Section 5(c)(3) provided:

> Any individual with a mental impairment who was found to be not disabled pursuant to an initial disability determination ... between March 1, 1981, and the date of the enactment of this Act, and who reapplies for benefits [within one year of the date of enactment] ... may be determined to be under a disability during the period considered in the most recent prior determination.... [B]enefits payable * * * shall be paid only on the basis of the reapplication.

On May 31, 1985 the ALJ again denied Huett's application for benefits. The Appeals Council adopted the ALJ's findings and conclusions on August 7, 1985, and Huett sought judicial review on August 13, 1985. On August 28, 1985 the revised mental-impairment criteria were established. Both parties in the instant suit filed motions for remand, and on January 23, 1986 the district court remanded the case under the Reform Act for readjudication under the new mental-impairment listings. After supplemental hearings, the Secretary found

---

**1.** The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Huett disabled since March 26, 1982, under the new criteria, due to an affective disorder demonstrated by a disturbance of mood accompanied by depressive syndrome.

Huett thereafter filed a motion for attorney's fees and costs incurred on both occasions at the district court, in the sum of $4,612.50 under EAJA; Huett's counsel filed for fees in the amount of $6,150.00 under the Social Security Act, 42 U.S.C. § 406(b). The district court awarded $4,750.00 in attorney's fees and $54.50 in costs to Huett's counsel under § 406(b). The district court denied attorney's fees under EAJA, concluding Huett was not a "prevailing party" as required for an award under EAJA. This appeal followed.

EAJA authorizes an award of attorney's fees to a prevailing party unless the position of the government was substantially justified, or unless special circumstances exist which make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A), (B). Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986). This court reviews the denial of an EAJA award under an abuse-of-discretion standard. *Gamber v. Bowen*, 823 F.2d 242, 244 (8th Cir.1987). We review the district court's legal conclusions on a de novo basis. *Id.*

A plaintiff may be deemed a "prevailing party" where remedial action on the part of the defendant moots the case before trial, if the case was a "catalyst" that brought about or prompted the defendant's action. *See Williams v. Miller*, 620 F.2d 199, 202 (8th Cir.1980) (per curiam) (42 U.S.C. § 1988). Here, however, Huett was not a prevailing party. Under § 5(c)(1) of the Act, the Secretary would have automatically redetermined Huett's denial of benefits under the new mental-impairment listings, with or without her *second* request for judicial review. *See Cruz v. Bowen*, 668 F.Supp. 669, 674 (D.Utah 1987). Nor was Huett's *first* occasion at the district court essential for her to receive the ultimate benefits to which she was entitled, as

Huett had another alternative, reapplication under § 5(c)(3) of the Act. *See Cruz*, 668 F.Supp. at 674 n. 3.

Accordingly, we affirm the order of the district court for the reason that Huett was not a prevailing party.